IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jiafan Chen<br><br>      *Plaintiff*,<br><br>v.<br><br>Partnerships and Unincorporated Associations Identified on Schedule A<br><br>      *Defendants*. | **Case No.** 25-CV-09099<br><br>**Verified Complaint for Infringement of US Design Patent** |

## THE PARTIES

1. Plaintiff Jiafan Chen ("Plaintiff") is a citizen and resident of China and the lawful owner of all rights, title, and interest in U.S. Design Patent No. ▇▇▇▇▇▇▇ ("the Patent"), which was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). Plaintiff offers products for sale by practicing the Patent via online retailers including Amazon Marketplace. Plaintiff's products enjoy high quality, reputation, and positive consumer reviews. Plaintiff has not granted any Defendant a license or permission to use, make, sell, or import products embodying the Patent.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, § 1338(a)-(b), and the Patent Act, 35 U.S.C. § 1 et seq. Venue is proper under 28 U.S.C. § 1391 because Defendants conduct business and commit acts of

infringement in this District. Defendants target consumers in New York through fully interactive e-commerce stores, including Amazon.com, and cause Plaintiff injury within this District. This Court has personal jurisdiction over Defendants because they purposefully direct commercial activities to New York residents, operate interactive online stores offering infringing products for sale to New York consumers, and commit tortious acts causing harm in this District.

## JOINDER OF DEFENDANTS

3. Defendants are interrelated infringers working in concert to make, sell, and import infringing products manufactured by a common source. Their online storefronts feature identical or nearly identical images, product descriptions, and pricing.

4. Defendants also employ common tactics—such as using multiple aliases, shifting store names, using similar shopping cart platforms and payment processors, and concealing contact information—demonstrating their coordinated operation.

5. Accordingly, joinder of Defendants is proper because their acts arise out of the same series of transactions or occurrences.

## FACTUAL BACKGROUND

6. Defendants are making, using, offering for sale, selling, and/or importing unauthorized products ("Accused Products") that infringe Plaintiff's Patent. Defendants are believed to be individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores identified on Schedule A. Defendants' actions are willful, intentional, and irreparably harmful to Plaintiff, depriving it of control over its patented design, market share, and goodwill. Unless preliminarily and permanently enjoined, Defendants will

continue to register or acquire e-commerce stores for the purpose of selling infringing products.

7. Defendants use deceptive tactics to conceal their identities, including changing seller names and creating multiple storefronts. Defendants share information in online chat groups and websites (e.g., sellerdefense.cn, sellerguard.com.cn, amz123.com) to evade enforcement, destroy evidence, and transfer assets once lawsuits are filed.

8. E-commerce store operators like the Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways to prevent disruptions of their operations by Plaintiff's enforcement efforts, such as via Amazon. On information and belief, Defendants maintain offshore bank accounts and regularly move funds from their accounts (such as PayPal or other financial accounts) to offshore bank accounts outside the jurisdiction of this Court.

9. Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Accused Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use their products that infringe the Patents, directly and/or indirectly. Defendants' Marketplace Stores offer shipping to the United States, including New York, and, on information and belief, Defendants have sold Accused Products into the United States and New York over the Internet.

10. Defendants' infringement of the Patents in connection with the making, using, selling, offering to sell, or importing of the Accused Products, including the offering for sale and sale of Accused Products into New York, is irreparably harming Plaintiff.

11. Defendants' actions are willful, intentional, and irreparably harmful to Plaintiff, depriving it of control over its patented design, market share, and goodwill.

12. Defendants will continue to register or acquire e-commerce stores for the purpose of selling Accused Products unless preliminarily and permanently enjoined.

## COUNT I

### Infringement of U.S. Design Patent (35 U.S.C. § 271)

13. Plaintiff realleges and incorporates by reference the foregoing paragraphs.

14. Plaintiff realleges and incorporates by reference the foregoing paragraphs. Defendants have made, used, offered for sale, sold, and/or imported into the United States Accused Products embodying the patented design. Defendants' conduct constitutes infringement under 35 U.S.C. § 271. Plaintiff has suffered and continues to suffer irreparable harm, for which there is no adequate remedy at law. Plaintiff is entitled to injunctive relief under 35 U.S.C. § 283 and damages adequate to compensate for the infringement, including Defendants' profits under 35 U.S.C. § 289 and damages under 35 U.S.C. § 284.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment in its favor and against Defendants as follows:

1. A temporary, preliminary, and permanent injunction restraining Defendants, their officers, agents, servants, employees, attorneys, and all persons acting in concert with them from:

    a. making, using, selling, offering for sale, or importing products embodying Plaintiff's patented design:

    b. aiding, abetting, contributing to, or otherwise assisting anyone in making using, selling, offering for sale, and/or importing in the United States for sale or use any products not authorized by Plaintiff and that include any reproduction, copy or colorable imitation of the Patented Designs, and

    c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) and (b);

2. An order directing online marketplaces (including Amazon, eBay, AliExpress, Alibaba, Wish, Walmart.com, Target.com, Dhgate, Temu), payment processors, and search engines to disable Defendants' storefronts and infringing listings;

3. An award of Plaintiff's actual damages and/or a reasonable royalty, plus interest and costs, pursuant to 35 U.S.C. § 284;

4. An award of Defendants' profits from infringement, pursuant to 35 U.S.C. § 289;

5. An award of Plaintiff's reasonable attorneys' fees and costs; and

6. Such other and further relief as the Court deems just and proper.

Dated: October 29, 2025

                                                 Respectfully submitted,

                                                 <u>/s/ Nitin Kaushik</u>
Nitin Kaushik
1600 Perrineville Rd
Ste 2-400
Monroe Township, NJ 08831
Tel: 908-560-7265
Email:
nitin.kaushik@gmail.com
*Counsel for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jiafan Chen<br><br>                        *Plaintiff*,<br><br>v.<br><br><br>Partnerships and Unincorporated Associations Identified on Schedule A<br>                        *Defendants*. | Case No. 25-CV-09099<br><br>**VERIFICATION OF THE COMPLAINT** |

I, **Nitin Kaushik**, being an attorney duly admitted to practice before this Court, hereby verify under 28 U.S.C. § 1746 and Rule 11 of the Federal Rules of Civil Procedure as follows:

1. I am counsel of record for Plaintiff in the above-captioned action.

2. I have read the accompanied Complaint filed on October 30, 2025 for Infringement of U.S. Design Patents.

3. The factual allegations therein are true and correct to the best of my knowledge, information, and belief, based upon documents provided by Plaintiff and my own investigation.

4. I verify the Complaint on Plaintiff's behalf because Plaintiff resides outside the United States and is unable to conveniently appear to verify this pleading.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: October 30, 2025                                         Respectfully submitted,

/s/ Nitin Kaushik
Nitin Kaushik
1600 Perrineville Rd
Ste 2-400
Monroe Township, NJ 08831
Tel: 908-560-7265
Email: nitin.kaushik@gmail.com
*Counsel for Plaintiff*