**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK**

Jiafan Chen,

               Plaintiff,

       v.

PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE A

           Defendants.

**Case No. 1:25-CV-09099**

---

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION FOR ENTRY
OF A SEALED TEMPORARY RESTRAINING ORDER INCLUDING A TEMPORARY
INJUNCTION, A TEMPORARY ASSET RESTRAINT, AND EXPEDITED DISCOVERY**

Plaintiff Jiafan Chen ("Plaintiff") submits this Memorandum in support of his *Ex Parte* Motion For Entry Of A Sealed Temporary Restraining Order, Including A Temporary Injunction, A Temporary Asset Restraint, And Expedited Discovery.

**TABLE OF CONTENTS**

I.   SUMMARY OF ARGUMENT ............................................................................ 1

II.  BACKGROUND OF PARTIES ........................................................................ 2

III. PLAINTIFF IS ENTITLED TO A TEMPORARY RESTRAINING ORDER
     AGAINST CONTINUED INFRINGEMENT ............................................................ 2

     A.  This Court Has Jurisdiction Over The Subject Matter And Parties .................................. 3

     B.  Law Regarding *Ex Parte* Restraining Orders ..................................................... 5

     C.  Plaintiff Will Likely Succeed On The Merits ...................................................... 7

     D.  There Is No Adequate Remedy At Law, And Plaintiff Will Suffer Irreparable
         Harm In The Absence Of Preliminary Relief ...................................................... 8

         1.  Any potential money damage award is illusory ............................................ 9

         2.  Plaintiff will likely suffer confusion, reputational, and design erosion harm.......... 10

         3.  A causal nexus exists between the infringement and harm suffered ...................... 11

     E.  The Balancing Of Harms Tips In Plaintiff's Favor, And The Public Interest Is
         Served By Entry Of The Injunction ............................................................. 11

IV.  THE COURT SHOULD TEMPORARILY FREEZE THE ASSETS AND
     PROCEEDS OF DEFENDANTS' INFRINGING ACTIVITY ............................................... 12

V.   THE COURT SHOULD GRANT PLAINTIFF LEAVE FOR IMMEDIATE AND EXPEDITED
     DISCOVERY .................................................................................... 14

VI.  A BOND SHOULD SECURE THE INJUNCTIVE RELIEF .............................................. 15

VII. CONCLUSION ................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6 (7th Cir. 1992) .................................................. 6

*Aevoe Corp. v. AE Tech Co., Ltd.*, No. 12-cv-00053, 2012 WL 760692 (D. Nev. Mar. 7, 2012) ...................................................................................................................................................... 9

*Animale Grp. Inc. v. Sunny's Perfume Inc.*, 256 F. App'x 707 (5th Cir. 2007)........................... 12

*Apple Inc. v. Samsung Elecs. Co.*, 735 F.3d 1352 (Fed. Cir. 2013)................................................ 11

*Apple Inc. v. Samsung Elecs. Co., Ltd.*, 809 F.3d 633 (Fed. Cir. 2015)......................................... 10

*Apple, Inc. v. Samsung Elecs. Co.*, 678 F.3d 1314 (Fed. Cir. 2012) ............................................... 10

*Boucher v. Sch. Bd. of the Sch. Dist. of Greenfield,* 134 F.3d 821 (7th Cir. 1998)......................... 5

*Builder's World, Inc. v. Marvin Lumber & Cedar, Inc.*, 482 F. Supp. 2d 1065 (E.D. Wis. 2007)................................................................................................................................................ 6

*Canon, Inc. v. GCC Int'l Ltd.*, 263 Fed. Appx. 57 (Fed. Cir. 2008) ................................................. 9

*Celsis in Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 992 (Fed. Cir. 2012) ...................................... 12

*Chanel, Inc. v. Paley*, No. 09-cv-04979 (N.D. Cal. Nov. 13, 2009) ................................................. 7

*Chanel, Inc. v. Zhixian*, No. 10-cv-60585 (S.D. Fla. Apr. 21, 2010)................................................ 6

*Christian Dior Couture, S.A., v. Liu,* No. 15-cv-06324, (N.D. Ill. Nov. 17, 2015) ........................ 4

*Coach, Inc., et al. v. Does 1-100*, No. 12-cv-08963 (N.D. Ill. Nov. 15, 2012)........................... 6, 13

*Columbia Pictures Indus. v. Jasso*, 927 F. Supp. 1075 (N.D. Ill. 1996)......................................... 6

*Competitive Edge Inc. v. Staples Inc.*, 763 F.Supp.2d 997, 1011 (N.D. Ill. 2010) ......................... 8

*CSC Holdings, Inc. v. Redisi*, 309 F.3d 988 (7th Cir. 2002)............................................................ 13

*Deckers Outdoor Corp. v. Does 1-1, 281*, No. 12-cv-01973 (N.D. Ill. Apr. 4, 2012) .................... 6

*Deckers Outdoor Corp. v. Does 1-100*, No. 12-cv-05523 (N.D. Ill. Jul. 24, 2012)........................ 6

*Deckers Outdoor Corp. v. P'ships & Unincorporated Ass'n*, No. 13-cv-02167, 2013 WL 1337616 (N.D. Ill. Mar. 27, 2013) ................................................................................................. passim

*Deckers Outdoor Corp. v. P'ships & Unincorporated Ass'n*, No. 23-cv-01943 (N.D. Ill. Apr. 3, 2023)............................................................................................................................... 6

*Douglas Dynamics, LLC v. Buyers Prod. Co.*, 717 F.3d 1336 (Fed. Cir. 2013)............................ 10

*Dyson Technology Limited v. P'ships & Unincorporated Ass'n,* No. 23-cv-02976 (N.D. Ill. May 30, 2023)................................................................................................................ 15

*eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006)................................................................. 10

*Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008) ........................................... 8

*Eli Lilly & Co. v. Natural Answers, Inc.*, 233 F.3d 456 (7th Cir. 2000) ........................................8

*Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571 (Fed. Cir. 1995) .................................................8

*Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312 (Fed. Cir. 2015).............................7

*Farouk Sys., Inc. v. Eyou Int'l Trading Co Ltd.*, No. 10-cv-02672 (S.D. Tex. Aug. 2, 2010) ............................................................................................................................6

*Gao v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, No. 21-cv-04055, 2022 WL 1028926 (N.D. Ill. Apr. 4, 2022) .................................................7

*Gaymar Industries, Inc. v. Cincinnati Sub-Zero Products, Inc.*, 790 F.3d 1369 (Fed. Cir. 2015)........................................................................................................................ 7

*Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980)........................................................14

*Grupo Mexicano, de Desarollo, S.A. v. Alliance Bond Fund*, 527 U.S. 308 (1999).......................13

*Gucci Am., Inc. v. Curveal Fashion*, No. 09-cv-08458 (S.D.N.Y. Oct. 9, 2009) ...........................7

*Habitat Educ. Ctr. v. U.S. Forest Serv.*, 607 F.3d 453, 456 (7th Cir. 2010)...................................6

*Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411 (4th Cir. 1999) ...............................15

*Illinois Republican Party v. Pritzker*, 973 F.3d 760 (7th Cir. 2020)....................................8

*Incredible Techs., Inc. v. Virtual Techs., Inc.*, 400 F.3d 1007 (7th Cir. 2005) ...............................5

*JFXD TRX ACQ LLC v. P'ships & Unincorporated Ass'n*, No. 23-cv-00620 (N.D. Ill. Feb. 22, 2023) ..............................................................................................................6

*Lorillard Tobacco Co. v. Montrose Wholesale Candies*, No. 03-cv-04844, 2005 WL 3115892 (N.D. Ill. Nov. 8, 2005) .........................................................................13

*Luminara Worldwide, LLC v. Liown Elecs. Co. Ltd.*, 814 F.3d 1343 (Fed. Cir. 2016) ...................9

*NBA Properties, Inc. v. HANWJH*, 46 F.4th 614 (7th Cir. 2022), *cert. denied*, 143 S. Ct. 577, 214 L. Ed. 2d 341 (2023)........................................................................................4

*Nike, Inc. v. Fujian Bestwinn Industry Co., Ltd.*, 166 F.Supp.3d 1177 (D. Nev. 2016) ........... 9, 10

*Nken v. Holder*, 556 U.S. 418 (2009).....................................................................................8

*O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., No.* 2:04-cv-00032, 2007 WL 869576 (E.D. Tex. Mar. 21, 2007) ..................................................................................9

*Oakley, Inc. v. Does 1-100*; No. 12-cv-09864 (N.D. Ill. Dec. 14, 2012) ................................. 6, 13

*Otter Prods. v. Anke Group Indus. Ltd.*, No. 13-cv-00029, 2013 WL 5910882 (D. Nev. Jan. 8, 2013) ...................................................................................................... 9, 10

*PCT Int'l Inc. v. Holland Elecs. LLC*, No. 12-cv-01797, 2015 WL 5210628 (D. Ariz. Sept. 8, 2015), *aff'd*, No. 2016-1061, 2016 WL 4373941 (Fed. Cir. Aug. 16, 2016)................11

*Peng v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 21-cv-01344, 2021 WL 4169564 (N.D. Ill. Sept. 14, 2021)..............................................7

*Purdue Research Found. v. Sanofi-Sythelabo, S.A.*, 338 F.3d 773 (7th Cir. 2003) ........................4

iii

*Rathmann Grp. v. Tanenbaum,* 889 F.2d 787 (8th Cir. 1989) ........................................................15

*Reebok Int'l Ltd. v. J. Baker*, Inc., 32 F.3d 1552 (Fed. Cir. 1994)................................................. 10

*Robert Bosch LLC v. Pylon Manufacturing Corp.,* 659 F.3d 1142 (Fed. Cir. 2011)...................... 9

*Shure, Inc. v. ClearOne, Inc.*, No. 17-cv-03078, 2018 WL 1371170 (N.D. Ill. Mar. 16, 2018) .................................................................................................................................................. 10

*Steel City Enterprises, Inc. v. P'ships & Unincorporated Ass'n*, No. 23-cv-03252 (N.D. Ill. June 15, 2023) .............................................................................................................................. 6

*The Nat'l Football League v. Chen*, No. 11-cv-00344-WHP (S.D.N.Y. Jan. 31, 2011)................ 6

*Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372 (Fed. Cir. 2009)................................ 7

*Tory Burch LLC v. Does 1-100*, No. 12-cv- 07163 (N.D. Ill. Sept. 14, 2012).......................... 6, 13

*Tory Burch LLC v. Zhong Feng, et al.*, No. 12-cv-09066 (N.D. Ill. Nov. 15, 2012) ................ 6, 13

*True Religion Apparel, Inc. v. Does 1-100*; No. 12-cv-09894 (N.D. Ill. Dec. 20, 2012).......... 6, 13

*Ty, Inc. v. The Jones Group, Inc.*, 237 F.3d 891 (7th Cir. 2001) ......................................... 5, 6, 11

*uBID, Inc. v. GoDaddy Group, Inc.* 623 F.3d 421 (7th Cir. 2010) ................................................. 4

*USA-Halal Chamber of Commerce, Inc. v. Best Choice Meats, Inc.*, 402 F. Supp. 3d 427 (N.D. Ill. 2019) .................................................................................................................... 5, 11

*Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, (2008)........................................................ 9

*Yu v. P'ships & Unincorporated Ass'n*, No. 22-cv-05922 (N.D. Ill. Nov. 2, 2022)....................... 6

*Zhang v. P'ships & Unincorporated Ass'n*, No. 23-cv-00068 (N.D. Ill. Mar. 21, 2023) ............... 6

**Statutes**

28 U.S.C. § 1331 ............................................................................................................................ 3

28 U.S.C. § 1391 ............................................................................................................................ 3

28 U.S.C. §§ 1338 .......................................................................................................................... 3

35 U.S.C. § 1.................................................................................................................................. 3

35 U.S.C. § 171 .............................................................................................................................. 7

35 U.S.C. § 271(a)....................................................................................................................... 4, 7

35 U.S.C. § 289........................................................................................................................... 8, 13

**Rules**

Fed. R. Civ. P. 26(b)(1)................................................................................................................ 14

Fed. R. Civ. P. 26(b)(2)................................................................................................................ 14

Fed. R. Civ. P. 65(b) ............................................................................................................. 3, 5, 11

## **MEMORANDUM OF LAW**

### I.    SUMMARY OF ARGUMENT

Plaintiff is requesting temporary *ex parte* relief based on an action for design patent infringement against the defendants identified on Schedule A to the Complaint (collectively, the "Defendants"). As shown in the exhibits to Plaintiff's Amended Complaint, Defendants are offering for sale and selling unauthorized and unlicensed products (the "Accused Products") that infringe Plaintiff's Patent attached as **Exhibit A** to the Complaint (the "Patent"), through various fully interactive, commercial e-commerce stores operating under at least the seller names identified in Schedule A to the Complaint ("Marketplace Stores").

Defendants directly target their unlawful business activities toward consumers in New York and cause harm to Plaintiff within this district and have caused and will continue to cause irreparable injury to Plaintiff. The Marketplace Stores share unique identifiers that demonstrate a logical relationship between Defendants and further demonstrate that Defendants' illegal operations arise out of the same transaction or occurrence. Moreover, Defendants also have taken measures to thwart enforcement efforts and mitigate liability for their infringement including, for example, operating under one or more aliases to conceal their identities and the full scope and interworking of their operation.

Therefore, Plaintiff respectfully requests that this Court issue, *ex parte*, (1) a temporary restraining order ("TRO") against Defendants enjoining the manufacture, importation, distribution, sale, offer for sale, and profiting from the sale of Plaintiff's patented product in the United States; (2) an order temporarily disabling the Marketplace Stores pending the issuance of a final judgment in this matter; (3) an order temporarily restricting transfer of Defendants' assets to preserve Plaintiff's rights to an equitable accounting; and (4) an order for

expedited discovery allowing Plaintiff to obtain information regarding the identities of Defendants and the financial systems and payment accounts Defendants use in their operations and the revenue and profits derived by Defendants through the use, sale, and exploitation of the Patent to protect Plaintiff's right to an account of profits.

## II.     BACKGROUND OF PARTIES

Plaintiff is the owner of the Patent. Plaintiff manufactures and sells, among other things, products that embody the designs of the Patent. Plaintiff sells his patented products, *inter alia*, on amazon.com. Defendants are competitors of Plaintiff, and Defendants' Accused Products compete with Plaintiff's patented products. Plaintiff has not licensed or authorized Defendants to use the Patent, nor are Defendants authorized resellers.

Defendants are an interrelated group of infringers working in active concert to make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the Patent in the same transaction, occurrence, or series of transactions or occurrences. Plaintiff's well-pleaded allegations regarding registration patterns, similarities among the Defendants' Marketplace Stores and the Accused Products for sale thereon, and common tactics employed to evade enforcement efforts establish a logical relationship among the Defendants suggesting that Defendants are interrelated. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

## III.     PLAINTIFF IS ENTITLED TO A TEMPORARY RESTRAINING ORDER AGAINST CONTINUED INFRINGEMENT

Defendants' purposeful, intentional, and unlawful conduct is causing and will continue to cause irreparable harm to Plaintiff. Rule 65(b) of the Federal Rules of Civil Procedure provides that the Court may issue an *ex parte* TRO where immediate and irreparable injury, loss, or damage

will result to the applicant before the adverse party or that party's attorney can be heard in opposition. Fed. R. Civ. P. 65(b). The entry of a TRO is appropriate because it would immediately stop the Defendants from benefiting from their wrongful use of the Patent and preserve the status quo until a hearing can be held. Without the relief requested, Defendants' illegal activities will continue unabated, and Plaintiff and consumers, including those in the Southern District of New York, will suffer irreparable harm as Defendants will be free to register new online e-commerce accounts under new aliases and move their assets to offshore bank accounts outside the jurisdiction of this Court.

**A.      This Court Has Jurisdiction Over The Subject Matter And Parties**

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, *et seq.*, 28 U.S.C. §§ 1338 (a)-(b), and 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391.

This Court may properly exercise personal jurisdiction over Defendants because Defendants directly target business activities toward consumers in the United States, including New York, through at least the fully interactive, commercial Marketplace Stores. Specifically, each of the Defendants has been directly reaching out to do business with New York residents by operating or assisting in the operation of one or more commercial, interactive Marketplace Stores that sell products that infringe the Patent directly to New York consumers, offering to ship to the United States, including New York, accepting payment in U.S. dollars and, on information and belief, selling Accused Products into New York.

Without the benefit of evidentiary hearing, Plaintiff bears only the burden of making a *prima facie* case for personal jurisdiction, and all of Plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor. *See NBA Properties, Inc.*

*v. HANWJH*, 46 F.4th 614, 620 (7th Cir. 2022), *cert. denied*, 143 S. Ct. 577, 214 L. Ed. 2d 341 (2023); *uBID, Inc. v. GoDaddy Group, Inc.* 623 F.3d 421, 423 (7th Cir. 2010); *Purdue Research Found. v. Sanofi-Sythelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) ("When determining whether a plaintiff has met his burden, jurisdictional allegations pleaded in the complaint are accepted as true unless proved otherwise by defendants' affidavits or exhibits.").

Furthermore, state courts regularly exercise personal jurisdiction over websites offering for sale and selling infringing and counterfeit merchandise to the state's residents over the Internet. *See, e.g., NBA Properties, Inc.*, 46 F.4th at 624–26 (defendant purposefully directed its conduct to Illinois by operating an Amazon.com online store with willingness to ship goods to Illinois and established the capacity to do so). Moreover, jurisdiction over Defendants would be proper even if Defendants had not, in fact, sold any of the Accused Products in New York because merely offering the Accused Products for sale in New York is an act of infringement by Defendants in New York. *See, e.g.*, *Christian Dior Couture, S.A., v. Liu,* No. 15-cv-06324*,* at *6–7 (N.D. Ill. Nov. 17, 2015) ("[W]hether the jewelry in question was actually sold is not pertinent to [Defendant's] liability since a mere offer to sell infringed merchandise is sufficient to establish liability under the Lanham Act."); 35 U.S.C. § 271(a) ("Except as otherwise provided in this title, whoever without authority makes, uses, ***offers to sell***, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." (emphasis added)).

Each of the Defendants is committing tortious acts in New York, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of New York.

### B.     Law Regarding *Ex Parte* Restraining Orders

Federal Rule of Civil Procedure 65(b) provides that a "court may issue a temporary

restraining order without written or oral notice to the adverse party or its attorney only if . . . specifics facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b). "The standards for granting a temporary restraining order and a preliminary injunction are the same." *USA-Halal Chamber of Commerce, Inc. v. Best Choice Meats, Inc.*, 402 F. Supp. 3d 427, 433 (N.D. Ill. 2019). Accordingly, plaintiffs seeking an *ex parte* restraining order must also show: "(1) a likelihood that it will prevail on the merits of the lawsuit, (2) that it will suffer irreparable harm without injunctive relief, and (3) that there is no adequate remedy at law." *Deckers Outdoor Corp. v. P'ships & Unincorporated Ass'n*, No. 13- cv-02167, 2013 WL 1337616, at *2 (N.D. Ill. Mar. 27, 2013) ("*Deckers 2013*") (*citing Incredible Techs., Inc. v. Virtual Techs., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005)); *see also*, *Ty, Inc. v. The Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001) (discussing requirements for preliminary injunction). "If these requirements are met, the court must then balance the degree of irreparable harm to the plaintiff against the harm that the defendant will suffer if the injunction is granted." *Id.* (citing *Incredible Techs.,* 400 F.3d at 1011 and *Boucher v. Sch. Bd. of the Sch. Dist. of Greenfield,* 134 F.3d 821, 824 (7th Cir. 1998)).

If the Court is satisfied that these three conditions have been met, it must then consider the harm that the nonmoving party will suffer if preliminary relief is granted, balancing such harm against the irreparable harm the moving party will suffer if relief is denied. *Ty Inc.,* 237 F.3d at 895. Finally, the Court must consider the potential effect on the public interest (non-parties) in denying or granting the injunction. *Id.* The Court then weighs these factors in equity to determine whether to grant injunctive relief. *Id.* (citing *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992)). "The court must apply a sliding scale approach in determining

whether to issue a temporary restraining order — the more likely the plaintiff will succeed on the merits, the less the balance of irreparable harms needs to be to favor the plaintiff's position." *Deckers Outdoor Corp.*, No. 13-cv-02167, 2013 WL 1337616, at *4 (citing *Ty, Inc.*, 237 F.3d at 895). "Lastly, the court must consider the public interest (non-parties) in denying or granting the injunction." *Id.*

Courts now regularly issue temporary restraining orders in design patent infringement cases such as this due to the covert nature of offshore counterfeiting activities and the vital need to establish an economic disincentive for counterfeiting. [1]

### C.    Plaintiff Will Likely Succeed On The Merits

Design Patent enjoy a "presumption of validity." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1328 (Fed. Cir. 2015). Therefore, a plaintiff is not required to "address invalidity as an initial matter in filing for a preliminary injunction." *Gaymar Industries, Inc. v. Cincinnati Sub-Zero Products, Inc.*, 790 F.3d 1369, 1375 n.7 (Fed. Cir. 2015); *see also Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1377 (Fed. Cir. 2009) ("if a patentee moves for a preliminary injunction and the alleged infringer does not challenge validity the very

---

[1] *See, e.g., Steel City Enterprises, Inc. v. P'ships & Unincorporated Ass'n*, No. 23-cv-03252 (N.D. Ill. June 15, 2023) (unpublished) ($10,000 bond); *Deckers Outdoor Corp. v. P'ships & Unincorporated Ass'n*, No. 23-cv-01943 (N.D. Ill. Apr. 3, 2023) (unpublished) ($10,000 bond); *Zhang v. P'ships & Unincorporated Ass'n*, No. 23-cv-00068 (N.D. Ill. Mar. 21, 2023) (unpublished) ($10,000 bond); *JFXD TRX ACQ LLC v. P'ships & Unincorporated Ass'n*, No. 23-cv-00620 (N.D. Ill. Feb. 22, 2023) (unpublished) ($10,000 bond); *Yu v. P'ships & Unincorporated Ass'n*, No. 22-cv-05922 (N.D. Ill. Nov. 2, 2022) (unpublished) ($10,000). *See also Oakley, Inc. v. Does 1-100*; No. 12-cv-09864 (N.D. Ill. Dec. 14, 2012) (unpublished) ($10,000 bond); *True Religion Apparel, Inc. v. Does 1-100*; No. 12-cv-09894 (N.D. Ill. Dec. 20, 2012) (unpublished) ($10,000 bond); *Tory Burch LLC v. Zhong Feng, et al.*, No. 12-cv-09066 (N.D. Ill. Nov. 15, 2012) (unpublished) ($10,000 bond); *Coach, Inc., et al. v. Does 1-100*, No. 12-cv-08963 (N.D. Ill. Nov. 15, 2012) (unpublished) ($10,000 bond); *Tory Burch LLC v. Does 1-100*, No. 12-cv- 07163 (N.D. Ill. Sept. 14, 2012) (unpublished) ($10,000 bond); *Deckers Outdoor Corp. v. Does 1-100*, No. 12-cv-05523 (N.D. Ill. Jul. 24, 2012) (unpublished) ($10,000 bond); *Deckers Outdoor Corp. v. Does 1-1, 281*, No. 12-cv-01973 (N.D. Ill. Apr. 4, 2012) (unpublished) ($10,000 bond); *Builder's World, Inc. v. Marvin Lumber & Cedar, Inc.*, 482 F. Supp. 2d 1065, 1078 (E.D. Wis. 2007) ($1,000 bond); *Habitat Educ. Ctr. v. U.S. Forest Serv.*, 607 F.3d 453, 456 (7th Cir. 2010) ($10,000 bond); *The Nat'l Football League v. Chen*, No. 11-cv-00344-WHP (S.D.N.Y. Jan. 31, 2011) ($10,000 bond); *Farouk Sys., Inc. v. Eyou Int'l Trading Co Ltd.*, No. 10-cv-02672 (S.D. Tex. Aug. 2, 2010) (unpublished) ($10,000 bond); *Chanel, Inc. v. Zhixian*, No. 10-cv-60585 (S.D. Fla. Apr. 21, 2010) (unpublished) ($10,000 bond); *Chanel, Inc. v. Paley*, No. 09-cv-04979 (N.D. Cal. Nov. 13, 2009) (unpublished) ($10,000 bond); *Gucci Am., Inc. v. Curveal Fashion*, No. 09-cv-08458 (S.D.N.Y. Oct. 9, 2009) (unpublished) ($10,000 bond).

existence of the patent with its concomitant presumption of validity satisfies the patentee's burden of showing a likelihood of success on the validity issue").

Plaintiff is the rightful owner of the Patent and Defendants are not authorized to make use of the patented designs. A defendant is liable for patent infringement if it, "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States and patent invention during the term of the patent thereof." 35 U.S.C. § 271(a). A design patent may issue to the inventor of "any new, original and ornamental design. ......................................................" and protects the nonfunctional aspects of an ornamental designs as shown in the Patent. 35 U.S.C. § 171; *Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577 (Fed. Cir. 1995). Accordingly, a design patent is infringed by the application of the "patented design, or any colorable imitation thereof, to any article of manufacture for the purpose of sale" 35 U.S.C. § 289; *see also Competitive Edge Inc. v. Staples Inc.*, 763 F.Supp.2d 997, 1011 (N.D. Ill. 2010). The proper inquiry when assessing design patent infringement is "whether an ordinary observer, familiar with the prior art, would be deceived into thinking that the accused design was the same as the patented design." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 672 (Fed. Cir. 2008).

As shown in the Complaint and accompanying exhibits, Defendants make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that directly infringe the patented designs. The Accused Products sold on Defendants' Marketplace Stores are virtually identical to the patented designs such that an ordinary observer would be deceived into thinking that the Accused Product was the same as the designs of the Patent. *Id. See also Egyptian Goddess*, 543 F.3d at 672. Accordingly, Plaintiff is likely to establish a *prima facie* case of design patent infringement.

**D.    There Is No Adequate Remedy At Law, And Plaintiff Will Suffer Irreparable Harm In The Absence Of Preliminary Relief**

The greater the movant's likelihood of succeeding on the merits, the less the balance of harms need be in his favor. *See Eli Lilly & Co. v. Natural Answers, Inc.*, 233 F.3d 456, 461 (7th Cir. 2000). To obtain a preliminary injunction (or a temporary restraining order), a plaintiff must make a strong showing that it is likely to succeed on the merits, but that does not require the plaintiff to show that it definitely will win the case. *See Nken v. Holder*, 556 U.S. 418, 434 (2009); *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). Rather, for an injunction to issue, a plaintiff needs only to show that irreparable harm is likely. *See, e.g., Luminara Worldwide, LLC v. Liown Elecs. Co. Ltd.*, 814 F.3d 1343, 1352 (Fed. Cir. 2016); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In the context of infringement of a design patent, irreparable harm occurs when the "remedies available at law, such as monetary damages, are inadequate to compensate for [that] injury." *Robert Bosch LLC v. Pylon Manufacturing Corp.,* 659 F.3d 1142, 1148 (Fed. Cir. 2011).

**1.    Any potential money damage award is illusory**

As the Federal Circuit explained in *Robert Bosch*, courts should assess whether money damages are collectible when considering the irreparability of harm. *Id.* at 1155–56 (citing *Canon, Inc. v. GCC Int'l Ltd.*, 263 Fed. Appx. 57, 62 (Fed. Cir. 2008); *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., No*. 2:04-cv-00032, 2007 WL 869576, at *2 (E.D. Tex. Mar. 21, 2007), *vacated and remanded on other grounds*, 521 F.3d 1351 (Fed. Cir. 2008)). Stated another way, courts must "consider the extent to which a forward-looking monetary award is a viable or meaningful alternative to an injunction." *Id.* at 1156. In this case, Defendants are individuals and businesses who, on information and belief, reside in the People's Republic of China or other foreign jurisdictions and have no U.S. presence, rendering any monetary damages likely

uncollectable. *see also Robert Bosch*, 659 F.3d. at 1156 ("all three defendants are foreign corporations and that there is little assurance that [plaintiff] could collect monetary damages"). Other district courts also have found that money damages were insufficient in similar cases involving foreign infringers[2].

Given what is known about the Defendants, it is likely that Plaintiff would be unable to collect monetary damages from Defendants if the Court were to deny the requested TRO.

### 2. Plaintiff will likely suffer confusion, reputational, and design erosion harm

"Not surprisingly, given the difficulty of protecting a right to *exclude* through monetary remedies that allow an infringer to *use* an invention against the patentee's wishes, historically courts have granted injunctive relief upon a finding of infringement in the vast majority of patent cases." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 809 F.3d 633, 638–39 (Fed. Cir. 2015) (quoting *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 395 (2006)) (emphasis in original).

In this case, in the absence of an injunction, Plaintiff will suffer irreparable harm due to loss of goodwill and reputation. Such injury is grounds for an injunction to issue. *See, e.g., Aria Diagnostics, Inc. v. Sequenom, Inc.*, 726 F.3d 1296, 1304 (Fed. Cir. 2013); s*ee also Otter Prods.*, No.13-cv- 00029, 2013 WL 5910882, at *2; *Nike, Inc.*, 166 F.Supp.3d 1177, at 1178–79. Additionally, in the absence of an injunction, Defendants' infringement of the Patent is likely to cause consumer confusion between Plaintiff's products and Defendants' competing Accused Products, resulting in irreparable harm to Plaintiff's reputation and loss of customers' goodwill. Indeed, "[w]here two companies are in competition against one another, the patentee suffers the

---

[2] *See also Qin v. Partnerships & Unincorporated Associations on Schedule "A"*, No. 21-cv- 01243, 2022 WL 80274, at *3 (W.D. Tex. Jan. 7, 2022); *Aevoe Corp. v. AE Tech Co., Ltd.*, No. 12-cv-00053, 2012 WL 760692, at *5 (D. Nev. Mar. 7, 2012); *Otter Prods. v. Anke Group Indus. Ltd.*, No. 13-cv-00029, 2013 WL 5910882, at *2 (D. Nev. Jan. 8, 2013); *Bushnell, Inc. v Brunton Co.*, 673 F.Supp.2d 1241, 1263 (D. Kan. 2009); *Nike, Inc. v. Fujian Bestwinn Industry Co., Ltd.*, 166 F.Supp.3d 1177, 1179 (D. Nev. 2016).

harm—often irreparable—of being forced to compete against products that incorporate and infringe its own patented inventions." *Douglas Dynamics, LLC v. Buyers Prod. Co.*, 717 F.3d 1336, 1345 (Fed. Cir. 2013)[3].

### 3.    A causal nexus exists between the infringement and harm suffered

Moreover, a causal nexus exists between Defendants' infringement and each of the irreparable harms that Plaintiff is suffering. *Apple Inc. v. Samsung Elecs. Co.*, 735 F.3d 1352, 1364 (Fed. Cir. 2013). Here, the Patent are directed to a unique product design of the entire product (one of which is directed to the entire product) and the associated ornamental designs are a substantial reason for consumer demand of products embodying the patented designs. *See PCT Int'l Inc. v. Holland Elecs. LLC*, No. 12-cv-01797, 2015 WL 5210628, at *23–24 (D. Ariz. Sept. 8, 2015), *aff'd*, No. 2016-1061, 2016 WL 4373941 (Fed. Cir. Aug. 16, 2016) ("The Federal Circuit has explained that when the products at issue are "relatively simple," in the sense that they have a small number of features, the causal nexus requirement is easier to satisfy because the infringing feature has a large impact on demand for the products.").

For the reasons stated above, Plaintiff will suffer immediate and irreparable injury, loss, or damage if an *ex parte* Temporary Restraining Order is not issued in accordance with Federal Rule of Civil Procedure 65(b)(1).

### E.    The Balancing Of Harms Tips In Plaintiff's Favor, And The Public Interest Is Served By Entry Of The Injunction

As noted above, a party seeking to obtain a preliminary injunction or TRO must demonstrate that (1) there is a substantial likelihood that the movant will prevail on the merits;

---

[3] *See also Apple, Inc. v. Samsung Elecs. Co.*, 678 F.3d 1314, 1325 (Fed. Cir. 2012); *Shure, Inc. v. ClearOne, Inc.*, No. 17-cv-03078, 2018 WL 1371170, at *15 (N.D. Ill. Mar. 16, 2018); *Reebok Int'l Ltd. v. J. Baker*, Inc., 32 F.3d 1552, 1558 (Fed. Cir. 1994).

(2) there is a substantial threat that irreparable harm will result if the injunction is not granted;

(3) the threatened injury to the movant outweighs the threatened harm to the defendant; and

(4) the granting of the preliminary injunction will not disserve the public interest. *See USA-Halal Chamber of Commerce*, 402 F. Supp. 3d at 433; *Ty, Inc.*, 237 F.3d at 895.

Defendants are entitled to little equitable consideration because any harm to Defendants that could possibly result from a temporary restraining order is self-inflicted. Defendants took a calculated risk when they engaged in design patent infringement. Under such circumstances, courts refuse to assign any "harm" to the defendant because it assumed the risk. *See Celsis in Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 992, 931 (Fed. Cir. 2012).

As Plaintiff has demonstrated, Defendants have been profiting from the sale of Accused Products. Thus, the balance of equities tips decisively in Plaintiff's favor. The public is currently under the false impression that Defendants have a license or permission to sell products embodying the designs of the Patent. In this case, the injury to the public is significant, and the injunctive relief that Plaintiff seeks is specifically intended to remedy that injury by dispelling the public confusion created by Defendants' actions. As such, equity requires that Defendants be ordered to cease their unlawful conduct.

## IV.    THE COURT SHOULD TEMPORARILY FREEZE THE ASSETS AND PROCEEDS OF DEFENDANTS' INFRINGING ACTIVITY

Plaintiff also requests an *ex parte* restraint of Defendants' assets so that Plaintiff's right to an equitable accounting of Defendant's profits from sales of Accused Products is not impaired. If such a restraint is not granted in this case, Defendants are likely to disregard their responsibilities and transfer their financial assets to overseas accounts before a restraint is ordered. Specifically, upon information and belief, the Defendants in this case hold most of their assets in China or other foreign jurisdictions, making it easy to hide or dispose of assets, which

will render an accounting by Plaintiff meaningless. Issuing an *ex parte* restraint will at least partially ensure Defendants' compliance.

Courts have the inherent authority to issue a prejudgment asset restraint when a plaintiff's complaint seeks relief in equity. *Animale Grp. Inc. v. Sunny's Perfume Inc.*, 256 F. App'x 707, 709 (5th Cir. 2007). In addition, Plaintiff has shown a strong likelihood of succeeding on the merits of its design patent infringement claim, so Plaintiff is entitled to recover the extent of Defendants' total profits. 35 U.S.C. § 289. Plaintiff's Complaint seeks, among other relief, that Defendants account for and pay Plaintiff all profits realized by Defendants from their unlawful acts. Therefore, this Court has the inherent equitable authority to grant Plaintiff's request for a prejudgment asset freeze to preserve the relief sought by Plaintiff. *See, e.g., CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002) ("[S]ince the assets in question ... were profits of the [defendants] made by unlawfully stealing [the plaintiffs'] services, the freeze is appropriate and may remain in place pending final disposition of this case."); *Lorillard Tobacco Co. v. Montrose Wholesale Candies*, No. 03-cv-04844, 2005 WL 3115892, at *13 (N.D. Ill. Nov. 8, 2005) (acknowledging power to issue a restraint on assets for lawsuits seeking equitable relief) (citing *Grupo Mexicano*, *de Desarollo, S.A. v. Alliance Bond Fund*, 527 U.S. 308, 325 (1999)).

The risk of Defendants ensconcing the proceeds of their infringing activity back in China or elsewhere is particularly high where, as here, Defendants all represent themselves as foreign entities at questionable foreign addresses, with no known address, assets, agent, or location in the United States. Without an asset seizure order in place, Defendants are highly likely to simply disappear into the night, leaving Plaintiff and this Court powerless to redress their unlawful acts. In such cases, numerous Courts in this District have held that a temporary asset freeze is warranted.

Plaintiff has shown a likelihood of success on the merits, an immediate and irreparable harm suffered due to Defendants' activities, and that, unless Defendants' assets are frozen, Defendants will likely hide or move their ill-gotten funds to offshore bank accounts. Accordingly, asset restraint is proper.

## V.   THE COURT SHOULD GRANT PLAINTIFF LEAVE FOR IMMEDIATE AND EXPEDITED DISCOVERY

Plaintiff requires the requested discovery to identify any additional financial accounts used by Defendants to freeze any assets therein to halt Defendants' counterfeiting activities. Federal Rule of Civil Procedure 26(d) explains that parties may generally serve discovery only after a Rule 26(f) conference, "except … when authorized by … court order." "To determine whether to authorize expedited discovery in a particular case, courts generally apply a 'good cause' standard." *Deckers Outdoor Corp.,* No. 13-cv-02167, 2013 WL 1337616, at *28 (citing Fed. R. Civ. P. 26(b)(1) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.")). Courts have wide latitude in determining whether to grant a party's request for discovery. *Id.* (citation omitted). Furthermore, courts have broad power over discovery and may permit discovery in order to aid in the identification of unknown Defendants. *See* Fed. R. Civ. P. 26(b)(2); *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). In this case, similar to other "Schedule A" cases, as was the case in *Deckers 2013*, "there is good cause to allow for expedited discovery." *Deckers Outdoor Corp.*, No. 13-cv-02167, 2013 WL 1337616, at *28 (citing Fed. R. Civ. P. 26(b)(1)). The expedited discovery requested in Plaintiff's Proposed TRO is limited to what is essential to prevent further irreparable harm. Accordingly, Plaintiff respectfully requests that expedited discovery be granted.

## VI.   A BOND SHOULD SECURE THE INJUNCTIVE RELIEF

The posting of security upon issuance of a TRO or preliminary injunction is vested in the

Court's sound discretion. *Rathmann Grp. v. Tanenbaum,* 889 F.2d 787, 789 (8th Cir. 1989); *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.,* 174 F.3d 411 (4th Cir. 1999).

Because of the strong and unequivocal nature of Plaintiff's evidence of design patent infringement, Plaintiff respectfully requests that this Court require Plaintiff to post a bond of no more than ten thousand U.S. dollars ($10,000.00).

Should the Court deem a $10,000 bond to be insufficient, Plaintiff respectfully requests a telephonic hearing to discuss options for potentially modifying the requested relief to reduce the potential harm to defendants and thus the amount of bond necessary to secure the relief.

## VII.    CONCLUSION

Defendants' operations are irreparably harming Plaintiff's business, its brand, and its consumers. Without entry of the requested relief, Defendants' infringement of the Patent in connection with the making, using, offering to sell, selling, or importing of the Accused Products will continue to irreparably harm Plaintiff. Therefore, entry of an *ex parte* order is necessary. In view of the foregoing, Plaintiff respectfully requests that this Court enter a Sealed Temporary Restraining Order in the form submitted herewith.

Dated: November 2, 2025

Respectfully submitted,
/s/ Nitin Kaushik
Nitin Kaushik
1600 Perrineville Rd
Ste 2-400
Monroe Township, NJ 08831
908-560-7265
nitin.kaushik@gmail.com
*Counsel for Plaintiff*

18