UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JIAFAN CHEN, | |
| Plaintiff, | |
| v. | 25-CV-9099 (RA) |
| PARTERNSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | MEMORANDUM OPINION & ORDER |
| Defendants. | |

---

RONNIE ABRAMS, United States District Judge:

Plaintiff Jiafan Chen seeks an *ex parte* temporary restraining order against several defendants for alleged design patent infringement. Plaintiff's Complaint, however, does nothing more than make conclusory allegations that Defendants infringed its copyrights. *See e.g.*, Dkt. No. 4 ("Compl.") ¶ 6; Ex. 5 ("Pl.'s Br.") at 11 ("The Accused Products sold on Defendants' Marketplace Stores are virtually identical to the patented designs such that an ordinary observer would be deceived into thinking that the Accused Product was the same as the designs of the Patent."). Plaintiff has not presented the Court with any evidence of Defendants' supposed infringement of its patent design. At most, Plaintiff attached to its Complaint, as Schedule A, a largely illegible chart purporting listing infringing product links and seller profile links, which are impossible to make out. Without more, the Court cannot conclude that Plaintiff has shown a "likelihood of success on the merits" necessary to warrant under the circumstances the "extraordinary and drastic remedy" of an *ex parte* temporary restraining order. *Ning Ye v. N.Y. Bd. of Elections*, No. 20 Civ. 11072 (JPC), 2021 WL 37575, at *1-4 (S.D.N.Y. Jan. 5, 2021) (rejecting

1

a temporary restraining order request that "amount[ed] to a string of conclusory assertions"). Accordingly, the Court denies Plaintiff's motion for a temporary restraining order.

Additionally, Plaintiff shall further show cause by January 16, 2026, why its request for alternative service on Storm Pneumatic Tool Co., Ltd. is proper in light of this Court's caselaw suggesting that it "is now well-established in this district that service by email on defendants located in China is not permitted by the Hague Convention." *Moonbug Entm't Ltd. v. ABDG Store*, 2025 WL 1796242 (internal quotation marks omitted). That letter should also explain why Plaintiff's request for alternative service on Amazon.com, Inc., eBay.com, Walmart.com, Temu.com, and Shein.com is proper, as it provides no justification.

SO ORDERED.

Dated:   December 29, 2025
         New York, New York

_____
Ronnie Abrams
United States District Judge