# NITIN KAUSHIK
### ATTORNEY & COUNSELOR AT LAW

January 1, 2026

<u>Via ECF ONLY</u>

Hon. Lewis J. Liman
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

**Jiafan Chen v. Partnerships and Unincorporated Associations Identified on Schedule A
Civil Action No. 1:25-CV-09099 (LJL)**

<u>Re: Plaintiff's Response to Request to Unseal</u>

Dear Honorable Judge Liman,

Plaintiff Jiafan Chen ("Plaintiff") respectfully submits this letter in response to the December 31, 2025, letter submitted by counsel purporting to represent unnamed "Defendants," requesting that the Court unseal this action or grant leave to file a motion to unseal.

The request should be denied.

1. **<u>The Request Is Procedurally Improper and Brought by Non-Parties Without Standing</u>**

   As an initial matter, the requesting parties are not identified defendants, have not been served, and have not appeared in this action. Counsel merely speculates that his clients "are expected to be on the Defendant list" in the sealed Schedule A. Such conjecture is insufficient to confer standing.

   Courts in this District routinely reject efforts by non-parties or speculative defendants to intervene in sealed Schedule-A actions prior to service. <u>See</u> **In re Telegram Grp. Inc. Sec. Litig.**, 2020 WL 3264264, at *2 (S.D.N.Y. June 17, 2020); **Mirlis v. Greer**, 952 F.3d 51, 58 (2d Cir. 2020).

   Until a defendant is named, served, or restrained, there is no procedural basis to seek unsealing.

2. **<u>Temporary Sealing at the TRO Stage Is Well-Established and Proper</u>**

   The sealing of Schedule A and related identifying information is narrowly tailored and justified by compelling interests, particularly at the ex parte TRO stage. Courts in this District consistently recognize that premature disclosure of defendant identities in online infringement cases creates a substantial risk of asset dissipation, evasion of service, and frustration of equitable relief.

   Sealing is narrowly tailored and justified to prevent asset dissipation and evasion of enforcement. <u>See</u> **Spin Master Ltd. v. AOMORE-United States** 158, 463 F. Supp. 3d 348, 356–57 (S.D.N.Y. 2020); **WowWee Grp. Ltd. v. Meirly**, 2019 WL 1375470, at *4 (S.D.N.Y. Mar. 27, 2019).

3. **The Public Right of Access Is Outweighed by the Risk of Irreparable Harm**

While there is a qualified presumption of public access to judicial documents, that presumption is not absolute. Courts must balance access against countervailing interests, including law-enforcement and judicial-process concerns. **Lugosch v. Pyramid Co. of Onondaga**, 435 F.3d 110, 120 (2d Cir. 2006).

Here, the risk of irreparable harm—asset dissipation, evasion of jurisdiction, and destruction of evidence—plainly outweighs any minimal public interest in immediate disclosure of defendant identities at the TRO stage. See **Louis Vuitton Malletier S.A. v. Lee**, 2012 WL 5450271, at *6 (S.D.N.Y. Nov. 7, 2012) (sealing appropriate where disclosure would undermine enforcement).

Importantly, the sealing is temporary and limited. Defendant identities are routinely unsealed following service and further proceedings, consistent with due process.

4. **Defendants' Merits Arguments Are Premature**

Defendants' letter improperly attempts to litigate alleged invalidity under 35 U.S.C. §§ 102 and 103 and disputes concerning prior sales. Such arguments have no bearing on whether sealing is appropriate and are premature at this stage.

Courts routinely decline to entertain merits defenses—particularly patent invalidity or non-infringement—on ex parte procedural applications. See **Salinger v. Colting**, 607 F.3d 68, 80 (2d Cir. 2010) (TRO stage focuses on irreparable harm and preservation of status quo, not full adjudication of merits).

If and when Defendants are served and appear, they will have a full opportunity to raise any substantive defenses.

5. **Speculative Concerns About Asset Restraints Are Unfounded**

Defendants' assertions regarding potential "accidental lockdown" of bank accounts are speculative and unfounded. Any restraints imposed by the Court are governed by its orders and include notice and post-restraint motion practice.

Courts in this District repeatedly hold that such safeguards satisfy due process. See **Gucci Am., Inc. v. Weixing Li**, 768 F.3d 122, 135–36 (2d Cir. 2014) (upholding asset restraints where defendants have post-seizure remedies).

**Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the request to unseal.

Respectfully submitted,
/nitin kaushik/
Nitin Kaushik
*Counsel for Plaintiff*