# Lance Y. Liu, Esq.

Lance LIU*, PhD., Esq.
*Licensed in NY & NJ

Lance Liu, Esq.
15 Minuteman Circle
Southbury, CT 06488
Phone: 203-706-9536
Email: lanceliu2000@gmail.com
Date: January 7, 2026

VIA CM/ECF
The Honorable Lewis J. Liman
United States District Court
for the Southern District of New York
Daniel Patrick Moynihan
United States Courthouse, Courtroom 15C
500 Pearl Street, Room 1620
New York, NY 10007

      Re:    Jiafan Chen v. PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, Civil Action No. 1:25-CV-09099

Dear Judge Liman:

    Plaintiff's case is frivolous because the steam cleaner was invented by others long before Plaintiff filed U.S. Design Patent No. D1,083,260 S ("the 'D260 Patent") on January 23, 2025.

| The 'D260 Patent (January 23, 2025) | Product Invented by Others (Prior to 2023) |
|---|---|
|  | |

    The Plaintiff's argument that "Until a defendant is named, served, or restrained, there is no procedural basis to seek unsealing." (see Plaintiff's Response) is contrary to the legal principle that "the common law right of public access to judicial documents is firmly rooted in our nation's history." _Lugosch v. Pyramid Co. of Onondaga_, 435 F.3d 110, 119 (2d Cir. 2006). Dressing the in the form of a Schedule A case does not hide Plaintiff's non-compliance to Rule 11 in its pleadings.

This presumption of access "is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *Id*. (quoting United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995)). It cannot be denied to protect frivolous cases, such as the Plaintiff's case here.

As the Court has rightly denied Plaintiff's Motion for ex parte TRO while the case is under seal, Defendants herein challenge the Plaintiff to produce a Rule 11-compliant Motion for Preliminary Injunction after the case is unsealed.

Plaintiff also wrongfully asserted that "Courts routinely decline to entertain merits defenses—particularly patent invalidity or non-infringement— on ex parte procedural applications. See *Salinger v. Colting*, 607 F.3d 68, 80 (2d Cir. 2010) (TRO stage focuses on irreparable harm and preservation of status quo, not full adjudication of merits)."

The Plaintiff's case is beyond mere "patent invalidity or non-infringement" for allegedly misappropriating other people's design for the 'D260 Patent, without citing any case law that allows an alleged mis-appropriator to restrain the assets of the original owner(s) of the steam cleaner design in an *ex parte* proceeding under seal. Moreover, the Plaintiff has effectively asked this Court to disturb the status quo of open court litigation on the ownership of the 'D260 Patent by pre-freezing the assets of all Defendants without notice and without the opportunity to be heard.

Therefore, Defendants respectfully request the Court to unseal the case or to give Defendants permission to file a Motion to Unseal the case.

Date: January 7, 2026

Respectfully Submitted

By: /s/ Lance Liu
Lance Liu, Esq.
15 Minuteman Circle
Southbury, CT 06488
(203)706-9536
Attorney for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2026, a copy of the foregoing document was filed electronically through the Court's CM/ECF NextGen system with notice of filing automatically sent electronically to counsel of record.

/s/lance liu
BY: Lance Liu, Esq.
15 Minuteman Circle
Southbury, CT 06488
Email: lanceliu2000@gmail.com
Phone: (203)706-9536
Attorney for Defendants
