## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF NEW YORK

Jiafan Chen

_Plaintiff,_

v.

Partnerships and Unincorporated
Associations Identified on Schedule A

_Defendants_.

**Case No.  25-cv-09099**

**Verified Complaint for Infringement of
US Design Patent**

## THE PARTIES

1. Plaintiff Jiafan Chen ("Plaintiff") is a citizen and resident of China and the lawful owner of all rights, title, and interest in U.S. Design Patent No. ▮▮▮▮▮▮ ("the Patent"), which was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). Plaintiff offers products for sale by practicing the Patent via online retailers including Amazon Marketplace. Plaintiff's products enjoy high quality, reputation, and positive consumer reviews. Plaintiff has not granted any Defendant a license or permission to use, make, sell, or import products embodying the Patent.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, § 1338(a)-(b), and the Patent Act, 35 U.S.C. § 1 et seq. Venue is proper under 28 U.S.C. § 1391 because Defendants conduct business and commit acts of

infringement in this District. Defendants target consumers in New York through fully interactive e-commerce stores, including Amazon.com, and cause Plaintiff injury within this District. This Court has personal jurisdiction over Defendants because they purposefully direct commercial activities to New York residents, operate interactive online stores offering infringing products for sale to New York consumers, and commit tortious acts causing harm in this District.

### JOINDER OF DEFENDANTS

3. Defendants are interrelated infringers working in concert to make, sell, and import infringing products manufactured by a common source. Their online storefronts feature identical or nearly identical images, product descriptions, and pricing.

4. Defendants also employ common tactics—such as using multiple aliases, shifting store names, using similar shopping cart platforms and payment processors, and concealing contact information—demonstrating their coordinated operation.

5. Accordingly, joinder of Defendants is proper because their acts arise out of the same series of transactions or occurrences.

### FACTUAL BACKGROUND

6. Defendants are making, using, offering for sale, selling, and/or importing unauthorized products ("Accused Products") that infringe Plaintiff's Patent. Defendants are believed to be individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores identified on Schedule A (Redacted under order of the Court). Defendants' actions are willful, intentional, and irreparably harmful to Plaintiff, depriving it of control over its patented design, market share, and goodwill. Unless preliminarily and

permanently enjoined, Defendants will continue to register or acquire e-commerce stores for the purpose of selling infringing products.

7. Defendants use deceptive tactics to conceal their identities, including changing seller names and creating multiple storefronts. Defendants share information in online chat groups and websites (e.g., sellerdefense.cn, sellerguard.com.cn, amz123.com) to evade enforcement, destroy evidence, and transfer assets once lawsuits are filed.

8. Plaintiff's inventor, Jiafan Chen, has personally reviewed the accused products offered for sale by Defendants through online marketplaces, including Amazon. Based on his personal knowledge of patented design and a direct comparison between Plaintiff's patented product and representative accused products, Mr. Chen has determined that Defendants' products embody designs that are substantially similar to the patented design and create the same overall visual impression to an ordinary observer.

9. In support of these facts, Plaintiff submits the Declaration of Inventor Jiafan Chen, which is attached as Exhibit A. The Declaration includes representative side-by-side visual comparisons between Plaintiff's patented product and certain accused products offered by Defendants.

10. Due to the large number of infringing listings operated by Defendants and the substantial similarity shared across those listings, it would be impracticable and unnecessary to include a side-by-side comparison of every accused product within the body of this Complaint. Accordingly, the Inventor Declaration attached as Exhibit A includes representative comparisons that are illustrative of the

infringing designs used across Defendants' storefronts. Each of Defendants' accused products incorporates the same or substantially the same ornamental design features and creates the same overall visual impression as Plaintiff's patented design.

11. Defendants market, offer for sale, and sell the accused products through fully interactive e-commerce storefronts, including Amazon. Screenshots of representative infringing listings, including product images, descriptions, and pricing information, are attached to the Inventor Declaration as part of Exhibit A and further demonstrate Defendants' unauthorized use of a design that is substantially similar to Plaintiff's patented design. These listings confirm that Defendants are actively offering infringing products for sale to consumers in the United States, including within this District.

12. E-commerce store operators like the Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways to prevent disruptions of their operations by Plaintiff's enforcement efforts, such as via Amazon. On information and belief, Defendants maintain offshore bank accounts and regularly move funds from their accounts (such as PayPal or other financial accounts) to offshore bank accounts outside the jurisdiction of this Court.

13. Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Accused Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have jointly and severally,

knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use their products that infringe the Patents, directly and/or indirectly. Defendants' Marketplace Stores offer shipping to the United States, including New York, and, on information and belief, Defendants have sold Accused Products into the United States and New York over the Internet.

14. Defendants' infringement of the Patents in connection with the making, using, selling, offering to sell, or importing of the Accused Products, including the offering for sale and sale of Accused Products into New York, is irreparably harming Plaintiff.

15. Defendants' actions are willful, intentional, and irreparably harmful to Plaintiff, depriving it of control over its patented design, market share, and goodwill.

16. Defendants will continue to register or acquire e-commerce stores for the purpose of selling Accused Products unless preliminarily and permanently enjoined.

## COUNT I

### Infringement of U.S. Design Patent (35 U.S.C. § 271)

17. Plaintiff realleges and incorporates by reference the foregoing paragraphs.

18. Plaintiff realleges and incorporates by reference the foregoing paragraphs. Defendants have made, used, offered for sale, sold, and/or imported into the United States Accused Products embodying the patented design. Defendants' conduct constitutes infringement under 35 U.S.C. § 271. Plaintiff has suffered and continues to suffer irreparable harm, for which there is no adequate remedy at law. Plaintiff is entitled to injunctive relief under 35 U.S.C. § 283 and damages

adequate to compensate for the infringement, including Defendants' profits under 35 U.S.C. § 289 and damages under 35 U.S.C. § 284.

19. As demonstrated by the representative side-by-side comparisons and marketplace evidence attached as Exhibit A, Defendants' accused products embody designs that are substantially similar to Plaintiff's patented design and infringe under the ordinary-observer test.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff respectfully requests judgment in its favor and against Defendants as follows:

1. A temporary, preliminary, and permanent injunction restraining Defendants, their officers, agents, servants, employees, attorneys, and all persons acting in concert with them from:

   a. making, using, selling, offering for sale, or importing products embodying Plaintiff's patented design:

   b. aiding, abetting, contributing to, or otherwise assisting anyone in making using, selling, offering for sale, and/or importing in the United States for sale or use any products not authorized by Plaintiff and that include any reproduction, copy or colorable imitation of the Patented Designs, and

   c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) and (b);

2. An order directing online marketplaces (including Amazon, eBay, AliExpress, Alibaba, Wish, Walmart.com, Target.com, Dhgate, Temu), payment processors, and search engines to disable Defendants' storefronts and infringing listings;

3. An award of Plaintiff's actual damages and/or a reasonable royalty, plus interest and costs, pursuant to 35 U.S.C. § 284;

4. An award of Defendants' profits from infringement, pursuant to 35 U.S.C. § 289;

5. An award of Plaintiff's reasonable attorneys' fees and costs; and

6. Such other and further relief as the Court deems just and proper.

Dated: January 30, 2026

Respectfully submitted,

/s/ Nitin Kaushik
Nitin Kaushik
1600 Perrineville Rd
Ste 2-400
Monroe Township, NJ 08831
Tel: 908-560-7265
Email:
nitin.kaushik@gmail.com
*Counsel for Plaintiff*