**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Jiafan Chen <br><br> *Plaintiff*, <br><br> v. <br><br><br> Partnerships and Unincorporated Associations Identified on Schedule A <br> *Defendants*. | **Case No. 25-cv-09099** <br><br> **PLAINTIFF'S PRE-CONFERENCE STATEMENT** |

**PLAINTIFF'S PRE-CONFERENCE STATEMENT**

Pursuant to the Court's Order Scheduling Initial Case Management Conference, Plaintiff

Jiafan Chen respectfully submits this Pre-Conference Statement.

1. **Counsel Appearing at Conference**

   **Plaintiff:**

   Nitin Kaushik
   Kaushik & Associates, PLLC
   1600 Perrineville Rd
   Ste 2-400
   Monroe Township, NJ 08831
   Tel: (908) 560-7265
   Email: nkaushik@kaushiklex.com
   Plaintiff's principal trial counsel will appear at the conference

   **Defendants:**

   1. Lance Liu, Esq.
      For Partnerships and Unincorporated Associations identified on Schedule A
      15 Minuteman Circle
      Southbury, CT 06488
      T: (203) 706-9536
      Email: lanceliu2000@gmail.com

2. Wei Wang, Esq.
   Glacier Law LLP
   For Guangzhou Yuxiu Technology Co., Ltd. d/b/a ODSD-US
   41 Madison Avenue, Suite 2529
   New York, NY 10010
   T: (212) 729-5073
   Email: wei.wang@glacier.law

## 2. Nature of the Case and Issues

This action arises from a coordinated scheme of design patent infringement involving U.S. Design Patent No. D1,083,260 S, which protects the ornamental design of a steam cleaning device. Defendants—anonymous, foreign-based sellers operating through online marketplaces such as Amazon—are engaged in systematic and willful infringement by offering for sale products that replicate Plaintiff's patented design and create the same overall visual impression.

Defendants have indicated they intend to assert arguments relating to an alleged prior application and potential future patent rights. Those assertions are disputed, unadjudicated, and do not alter the governing ordinary-observer standard applicable to Plaintiff's design patent infringement claims.

As alleged in the pleadings and supported by Plaintiff's evidentiary submissions, Defendants' conduct is not isolated. Rather, Defendants operate in concert through:

- coordinated storefronts featuring substantially identical product designs,

- common sourcing and distribution channels, and

- deliberate concealment of identities and financial infrastructure.

This case presents a typical but serious form of modern e-commerce infringement in which foreign sellers rapidly deploy infringing listings, exploit U.S. marketplaces, and evade enforcement through anonymity and asset dissipation.

The principal issues include:

- infringement of the asserted design patent;

- the propriety of joinder of coordinated online sellers;

- the identification of Defendants and their financial accounts; and

- the scope of injunctive and monetary relief.

3. **Jurisdiction and Venue**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

Personal jurisdiction is proper because Defendants purposefully direct commercial activities toward New York by operating interactive e-commerce storefronts that offer infringing products to consumers in this District.

Venue is proper under 28 U.S.C. § 1391 because Defendants transact business and commit acts of infringement in this District.

Plaintiff anticipates that Defendants may challenge jurisdiction and service; however, the record demonstrates purposeful availment of the U.S. market and this forum.

4. **Anticipated Motions**

Plaintiff has moved for a preliminary injunction seeking to halt ongoing infringement, restrain Defendants' assets, and secure third-party compliance from marketplaces and payment processors.

In addition, Plaintiff anticipates seeking:

**A. Alternative Service**

Plaintiff anticipates filing a motion for alternative service pursuant to Rule 4(f)(3), requesting leave to serve Defendants via electronic means, including email and/or marketplace-based notification systems.

Good cause exists for such relief because:

- Defendants are foreign, anonymous, and difficult to locate;

- Defendants operate exclusively through digital storefronts;

- traditional service methods are likely to be ineffective or unduly delayed; and

- electronic service is reasonably calculated to provide actual notice.

The requested methods of service are consistent with due process and are reasonably calculated to provide prompt and effective notice to Defendants. Courts in this District routinely authorize similar forms of electronic service in actions involving foreign e-commerce defendants operating through online platforms.

### B. Expedited Discovery

Plaintiff anticipates seeking expedited discovery to identify Defendants and trace financial accounts associated with infringing activity.

### C. Anticipated Defense Motions

Plaintiff anticipates that Defendants may move to:

- dismiss for lack of personal jurisdiction or insufficient service; or

- challenge joinder

Defendants have also indicated a potential intent to pursue sanctions-related arguments. Plaintiff's claims are based on a reasonable pre-filing investigation and evidentiary support, and any such arguments are not supported by the record at this stage.

5. **Service Status**

No Defendant has been formally served. Certain counsel have appeared on behalf of limited Defendants; however, the scope of such appearances is limited and does not resolve service as to all Defendants identified on Schedule A. Accordingly, service remains outstanding as to the majority of Defendants.

Given the structure of Defendants' operations—anonymous foreign sellers using online platforms and third-party payment systems—traditional service mechanisms, including Hague Convention procedures, are likely to be slow and ineffective in preventing ongoing harm.

Plaintiff therefore intends to seek leave for alternative service under Rule 4(f)(3), including service via:

- email addresses associated with Defendants' storefronts;
- messaging systems provided by e-commerce platforms; and/or
- other electronic means reasonably calculated to provide notice.

6. **Proposed Deadlines for Amendment and Joinder**

- Deadline to amend pleadings or join additional parties:
  - **60 days after the last Defendant to appear**

This is necessary because Defendants' identities, affiliations, and operational structure will be revealed through discovery.

7. **Discovery Plan**

### A. Rule 26(a) Disclosures

- Within 14 days after Defendants appear

### B. Initial Written Discovery

- Requests served: within 14 days after Rule 26(f) conference
- Responses due: 30 days thereafter

### C. Patent Contentions (Local Patent Rules)

- Infringement contentions: 14 days after Defendants appear
- Invalidity contentions: 45 days thereafter

### D. Claim Construction

- Joint claim chart (Local Patent Rule 11): 60 days after invalidity contentions

- Opening briefs: 30 days thereafter

- Responsive briefs: 30 days thereafter

Plaintiff requests a Markman hearing if necessary.

### E.  Fact Discovery

- Close of fact discovery: **6 months after Defendants appear**

Discovery will focus on:

- identification of Defendants and affiliated entities;

- sourcing and manufacturing channels;

- sales volume and revenue;

- financial accounts and payment processors; and

- communications with third-party platforms.

### F. Expert Discovery

- Opening reports: 30 days after fact discovery

- Rebuttal: 30 days thereafter

- Close of all discovery, including expert discovery: 8 months after Defendants first appear

- Status conference: approximately 30 days prior to the close of fact discovery

8.  **Electronic Discovery**

Discovery will include ESI such as:

- marketplace communications;

- transactional and financial data;

- internal communications relating to product sourcing and listing.

The parties will meet and confer upon Defendants' appearance. The parties anticipate the need for a protective order governing confidential business information, including sales data, supplier relationships, and financial account information. Plaintiff is agreeable to the Court's Model Protective Order.

Plaintiff has implemented appropriate litigation hold procedures. Given Defendants' reliance on third-party platforms and anonymized accounts, Plaintiff anticipates that early third-party discovery may be necessary to preserve relevant electronically stored information.

9. **Depositions**

Plaintiff anticipates depositions of:

- Defendants (once identified);
- representatives of e-commerce platforms (e.g., Amazon);
- payment processors and financial institutions; and
- suppliers or manufacturers.

10. **Settlement Discussions**

No settlement discussions have occurred.

Given Defendants' anonymity, settlement is not presently feasible. Plaintiff remains open to discussions once Defendants are identified and appear.

Plaintiff proposes that the case be referred to mediation or a settlement conference following the completion of initial fact discovery and identification of Defendants, at which point meaningful discussions can occur.

11. **Asset Restraint and Enforcement Considerations**

This case presents a substantial risk of asset dissipation and evidence concealment, which is well-recognized in actions involving foreign e-commerce sellers.

As supported by Plaintiff's submissions:

- Defendants operate through layered payment systems and offshore accounts;

- Defendants can rapidly transfer funds beyond the Court's reach; and

- Defendants frequently alter or remove listings upon receiving notice.

Absent early intervention—including asset restraint and third-party compliance—there is a significant risk that:

- funds derived from infringing sales will be dissipated;

- evidence will be destroyed or concealed; and

- effective relief will be frustrated.

Defendants have suggested reliance on an alleged prior application or anticipated patent rights as a basis to continue their activities. Such unadjudicated assertions do not authorize ongoing sales or mitigate the risk of continued infringement and asset dissipation. Accordingly, interim relief remains necessary to preserve the status quo and the Court's ability to grant effective relief.

Accordingly, Plaintiff anticipates pursuing:

- targeted asset restraints,

- third-party discovery directed to marketplaces and payment processors, and

- enforcement mechanisms necessary to preserve the Court's ability to grant meaningful relief. Any restraint sought will be narrowly tailored to funds reasonably traceable to the alleged infringing activity.

Such relief is routinely granted in this District in analogous Schedule A enforcement actions involving foreign e-commerce defendants.

12. **Summary Judgment**

Plaintiff proposes that pre-motion conference requests for summary judgment be filed

within 30 days after the close of all discovery.

13. **Trial**

Plaintiff has demanded a jury trial. Plaintiff estimates that trial will require approximately 3–5 days.

14. **Magistrate Judge Consent**

Plaintiff does not consent at this time to trial before the Magistrate Judge.

**CONCLUSION**

Plaintiff respectfully submits that the proposed framework reflects the realities of modern cross-border e-commerce infringement and provides a practical, efficient path forward consistent with the Federal Rules and this Court's practices.

Dated: April 23, 2026

Respectfully submitted,

/s/ Nitin Kaushik
Nitin Kaushik
1600 Perrineville Rd
Ste 2-400
Monroe Township, NJ 08831
Tel: 908-560-7265
Email: nkaushik@kaushiklex.com
*Counsel for Plaintiff*