**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Jiafan Chen<br><br>*Plaintiff*,<br><br>v.<br><br><br>Partnerships and Unincorporated Associations<br>Identified on Schedule A<br>*Defendants*. | **Case No. 25-cv-09099**<br><br>**PRE-CONFERENCE STATEMENT** |

**DEFENDANTS GANGGEND, KW HOME&GARDEN, JOYGO-US, TWOOASES, DAAN-US, GRANARBOL, FLGOCEXS, YUBODA-US, QGUO-US, TOSXW-US, CKDUSCPRO-US, KONLU AND SVLVHOOL'S AMENDMENT TO PLAINTIFF'S PRE-CONFERENCE STATEMENT**

Pursuant to the Court's Order Scheduling Initial Case Management Conference, the Parties are ordered to submit a Pre-Conference Statement. The following thirteen Amazon sellers represented by the undersigned, (1) Ganggend, (2) KW Home&Garden, (3) joygo-us, (4) TwoOases, (5) daan-us, (6) Granarbol, (7) Flgocexs, (8) YUBODA-US, (9) QGUO-US, (10) TOSXW-US, (11) CKductpro-US, (12) KONLU and (13) SVLVHOOL ("collectively "Liu-Defendants"),  hereby submit their amendments to Plaintiff's ex parte pre-conference statement.

Liu-Defendants worked diligently with the Plaintiff to prepare a joint pre-conference statement and Plaintiff's counsel refused to include Liu-Defendants' amendments. Plaintiff's action is just its continued effort to unlawfully keep this case an ex parte action for as long as possible. Plaintiff's counsel also refused to confirm whether the Liu-Defendants are actually defendants in this case and continues to file/maintain an ex parte motion for preliminary injunction and refuses to include Liu-Defendants' sections in the joint pre-conference statement. Plaintiff and its counsel's actions negatively affect the integrity of the judicial proceedings in this Court and should be prohibited.

Liu-Defendants hereby submit the pre-conference statement with Liu Defendants' statement sections to provide an inter parte view of the issues in this case.

**Counsel Appearing at Conference**

**Plaintiff:**

Nitin Kaushik
Kaushik & Associates, PLLC
1600 Perrineville Rd
Ste 2-400
Monroe Township, NJ 08831
Tel: (908) 560-7265
Email: nkaushik@kaushiklex.com
Plaintiff's principal trial counsel will appear at the conference

**Defendants:**

1. Lance Liu, Esq.
   For Partnerships and Unincorporated Associations identified on Schedule A
   15 Minuteman Circle
   Southbury, CT 06488
   T: (203) 706-9536
   Email: lanceliu2000@gmail.com
2. Wei Wang, Esq.
   Glacier Law LLP
   For Guangzhou Yuxiu Technology Co., Ltd. d/b/a ODSD-US
   41 Madison Avenue, Suite 2529
   New York, NY 10010
   T: (212) 729-5073
   Email: wei.wang@glacier.law

1. **Nature of the Case and Issues**

**Plaintiff's Section:**

This action arises from a coordinated scheme of design patent infringement involving U.S. Design Patent No. D1,083,260 S, which protects the ornamental design of a steam cleaning device. Defendants—anonymous, foreign-based sellers operating through online marketplaces such as Amazon—are engaged in systematic and willful infringement by offering for sale products that replicate Plaintiff's patented design and create the same overall visual impression.

**Liu-Defendants' Section:**

Defendants licensed the steam cleaner design from Yi Xu on his invention covered by U.S. Patent Application No. 29/965,245, filed September 26, 2024 ("the '245 Application"), which predates the Plaintiff's filing date by more than 3 months. The USPTO has allowed the claim of the '245 Application and Applicant Yi Xu has paid the issue fee on March 28, 2026. A U.S. Patent is expected to be issued to Yi Xu in the next few months ("the Yi Xu Patent"). The steam cleaner design in the Yi Xu Patent is shown below:



At least 12 of the 13 sellers among the Liu-Defendants sell steam cleaner products covered by the '245 Application with an actual or implied license from Yi Xu. Under the patent law, either the Yi Xu Patent Application anticipates the asserted patent or the Defendants-Yi Xu licensees' products do not infringe the asserted patent. The Yi Xu Patent Application is expected to be  issued as a patent in due course after paying the issue fee on March 28, 2026.

Liu-Defendants respectfully submit that if the Plaintiff moves forward with the present case, knowing that the asserted patent is invalid and/or the Liu-Defendants do not infringe any valid claim of the asserted patent, Plaintiff's counsel would be subject to Rule 11 sanction.

**Plaintiff's Section:**

As alleged in the pleadings and supported by Plaintiff's evidentiary submissions,

Defendants' conduct is not isolated. Rather, Defendants operate in concert through:

- coordinated storefronts featuring substantially identical product designs,

- common sourcing and distribution channels, and

- deliberate concealment of identities and financial infrastructure.

This case presents a typical but serious form of modern e-commerce infringement in which foreign sellers rapidly deploy infringing listings, exploit U.S. marketplaces, and evade enforcement through anonymity and asset dissipation.

The principal issues include:

- infringement of the asserted design patent;

- the propriety of joinder of coordinated online sellers;

- the identification of Defendants and their financial accounts; and

- the scope of injunctive and monetary relief.

**Liu-Defendants' Section:**

**The allegations in the pleadings are mostly false.  Many of the defendants did act in concert to obtain a license from Yi Xu, the first inventor of the steam cleaner design and do not/cannot infringe the asserted patent with a later filing date.**

**The principle issues include:**

- **invalidity of the asserted design patent over the Yi Xu Application;**

- **unenforceability of the asserted design patent for misappropriation of the Yi Xu invention;**

- **violations of the rules of pleadings by Plaintiff and its counsel for failing to truthfully state the facts that ;**

2. **Jurisdiction and Venue**

**Plaintiff's Section**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

Personal jurisdiction is proper because Defendants purposefully direct commercial activities toward New York by operating interactive e-commerce storefronts that offer infringing products to consumers in this District.

Venue is proper under 28 U.S.C. § 1391 because Defendants transact business and commit acts of infringement in this District.

Plaintiff anticipates that Defendants may challenge jurisdiction and service; however, the record demonstrates purposeful availment of the U.S. market and this forum.

**Liu-Defendants Section:**

**The Court has no personal jurisdiction over the Defendants, to the extent that Plaintiff has failed to show any evidence to the contrary.**

3. **Anticipated Motions**

**Plaintiff's Section:**

Plaintiff has moved for a preliminary injunction seeking to halt ongoing infringement, restrain Defendants' assets, and secure third-party compliance from marketplaces and payment processors.

In addition, Plaintiff anticipates seeking:

**Alternative Service**

Plaintiff anticipates filing a motion for alternative service pursuant to Rule 4(f)(3), requesting leave to serve Defendants via electronic means, including email and/or marketplace-based notification systems.

Good cause exists for such relief because:

- Defendants are foreign, anonymous, and difficult to locate;

- Defendants operate exclusively through digital storefronts;

- traditional service methods are likely to be ineffective or unduly delayed; and

- electronic service is reasonably calculated to provide actual notice.

### A. Expedited Discovery

Plaintiff anticipates seeking expedited discovery to identify Defendants and trace financial accounts associated with infringing activity.

### B. Anticipated Defense Motions

Plaintiff anticipates that Defendants may move to:

- dismiss for lack of personal jurisdiction or insufficient service; or

- challenge joinder

**Liu-Defendants Section:**

**Liu-Defendants expect to file a motion to dismiss for lack of service and for deficiency in service as well as for lack of personal jurisdiction.**

**Liu-Defendants also expect to file a motion to dismiss for failure to state a cause of action upon which relief can be granted because of Yi Xu's earlier invention and filing of patent application in the U.S.**

**Liu-Defendants further expect to file a motion for Rule 11 sanctions against Plaintiff and its counsel for maintaining the present action after learning that it is frivolous.**

4. **Service Status**

No Defendant has been formally served. Certain counsel have appeared on behalf of limited Defendants; however, the scope of such appearances is limited and does not resolve service

as to all Defendants identified on Schedule A. Accordingly, service remains outstanding as to the majority of Defendants.

Given the structure of Defendants' operations—anonymous foreign sellers using online platforms and third-party payment systems—traditional service mechanisms, including Hague Convention procedures, are likely to be slow and ineffective in preventing ongoing harm.

Plaintiff therefore intends to seek leave for alternative service under Rule 4(f)(3), including service via:

- email addresses associated with Defendants' storefronts;
- messaging systems provided by e-commerce platforms; and/or
- other electronic means reasonably calculated to provide notice.

5. **Proposed Deadlines for Amendment and Joinder**

- Deadline to amend pleadings or join additional parties:
  - **60 days after the last Defendant to appear**

This is necessary because Defendants' identities, affiliations, and operational structure will be revealed through discovery.

6. **Discovery Plan**

   **A. Rule 26(a) Disclosures**

- Within 14 days after Defendants appear

   **B. Initial Written Discovery**

- Requests served: within 14 days after Rule 26(f) conference
- Responses due: 30 days thereafter

   **C. Patent Contentions (Local Patent Rules)**

- Infringement contentions: 14 days after Defendants appear

- Invalidity contentions: 45 days thereafter

**D. Claim Construction**

- Joint claim chart (Local Patent Rule 11): 60 days after invalidity contentions

- Opening briefs: 30 days thereafter

- Responsive briefs: 30 days thereafter

Plaintiff requests a Markman hearing if necessary.

**E. Fact Discovery**

- Close of fact discovery: **6 months after Defendants appear**

Discovery will focus on:

- identification of Defendants and affiliated entities;

- sourcing and manufacturing channels;

- sales volume and revenue;

- financial accounts and payment processors; and

- communications with third-party platforms.

**Liu-Defendant Section:**

- **identify all real party in interests and all Amazon sellers behind Plaintiff.**

- **Confirm the relationship between the Plaintiff and any purchasers of the steam cleaners who bought the Yi Xu steam cleaner prior to the filing of the asserted patent.**

**F. Expert Discovery**

- Opening reports: 30 days after fact discovery

- Rebuttal: 30 days thereafter

- Close of all discovery, including expert discovery: 8 months after Defendants first appear

- Status conference: approximately 30 days prior to the close of fact discovery

7. **Electronic Discovery**

Discovery will include ESI such as:

- marketplace communications;

- transactional and financial data;

- internal communications relating to product sourcing and listing.

The parties will meet and confer upon Defendants' appearance. The parties anticipate the need for a protective order governing confidential business information, including sales data, supplier relationships, and financial account information. Plaintiff is agreeable to the Court's Model Protective Order.

Plaintiff has implemented appropriate litigation hold procedures. Given Defendants' reliance on third-party platforms and anonymized accounts, Plaintiff anticipates that early third-party discovery may be necessary to preserve relevant electronically stored information.

8. **Depositions**

Plaintiff anticipates depositions of:

- Defendants (once identified);

- representatives of e-commerce platforms (e.g., Amazon);

- payment processors and financial institutions; and

- suppliers or manufacturers.

9. **Settlement Discussions**

No settlement discussions have occurred.

Given Defendants' anonymity, settlement is not presently feasible. Plaintiff remains open to discussions once Defendants are identified and appear.

Plaintiff proposes that the case be referred to mediation or a settlement conference following the completion of initial fact discovery and identification of Defendants, at which point meaningful discussions can occur.

## 10. Asset Restraint and Enforcement Considerations

This case presents a substantial risk of asset dissipation and evidence concealment, which is well-recognized in actions involving foreign e-commerce sellers.

As supported by Plaintiff's submissions:

- Defendants operate through layered payment systems and offshore accounts;

- Defendants can rapidly transfer funds beyond the Court's reach; and

- Defendants frequently alter or remove listings upon receiving notice.

Absent early intervention—including asset restraint and third-party compliance—there is a significant risk that:

- funds derived from infringing sales will be dissipated;

- evidence will be destroyed or concealed; and

- effective relief will be frustrated.

Accordingly, Plaintiff anticipates pursuing:

- targeted asset restraints,

- third-party discovery directed to marketplaces and payment processors, and

- enforcement mechanisms necessary to preserve the Court's ability to grant meaningful relief.

Such relief is routinely granted in this District in analogous Schedule A enforcement actions involving foreign e-commerce defendants.

## 11. Summary Judgment

Plaintiff proposes that pre-motion conference requests for summary judgment be filed within 30 days after the close of all discovery.

12. **Trial**

Plaintiff has demanded a jury trial. Plaintiff estimates that trial will require approximately 3–5 days.

13. **Magistrate Judge Consent**

Plaintiff does not consent at this time to trial before the Magistrate Judge.

**CONCLUSION**

**Plaintiff's Section:**

Plaintiff respectfully submits that the proposed framework reflects the realities of modern cross-border e-commerce infringement and provides a practical, efficient path forward consistent with the Federal Rules and this Court's practices.

**Liu-Defendants' Section:**

**Plaintiff's case is frivolous because the Plaintiff misappropriated Yi Xu's invention for the 'D260 Patent and Plaintiff has no right to enforce such a fraudulently obtained patent. To the contrary, Liu-Defendant and Yi Xu, will be able to sue Plaintiff and its backers on Amazon for patent infringement in a few months and Liu-Defendants reserve the right to do so as soon as the Yi Xu Patent issues in due course.**

Dated: April 23, 2026

Respectfully submitted,

/s/ Lance Liu
Lance Liu, Esq.
15 Minuteman Circle
Southbury, CT 06488
T: (203) 706-9536

Email: lanceliu2000@gmail.com

*Counsel for Defendants*