**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JIAFAN CHEN. <br><br> *Plaintiff*, <br><br> v. <br><br> PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, <br><br> *Defendants*. | **CASE NO.** 25-CV-9099 (RA) (BCM) |

**DEFENDANT GUANGZHOU YUXIU TECHNOLOGY CO., LTD. d/b/a ODSD-US'S**
**PRE-CONFERENCE STATEMENT**

Pursuant to the Court's Order Scheduling Initial Case Management Conference (ECF No. 20), Defendant Guangzhou Yuxiu Technology Co., Ltd. d/b/a ODSD-US ("ODSD-US" or "Defendant") respectfully submits this separate Pre-Conference Statement.

ODSD-US further notes that its appearance in this action was entered solely for the purpose of opposing Plaintiff's motion for a preliminary injunction. ODSD-US does not waive, and expressly reserves, any and all defenses, including but not limited to defenses based on personal jurisdiction, sufficiency of service of process, and the merits of Plaintiff's claims.

**1. Counsel Appearing at Conference**

**Plaintiff:**

Nitin Kaushik
Kaushik & Associates, PLLC
1600 Perrineville Rd
Ste 2-400
Monroe Township, NJ 08831
Tel: (908) 560-7265
Email: nkaushik@kaushiklex.com

Plaintiff's principal trial counsel will appear at the conference

**Defendants:**

1. Lance Liu, Esq.
   For Partnerships and Unincorporated Associations identified on Schedule A
   15 Minuteman Circle
   Southbury, CT 06488
   T: (203) 706-9536
   Email: lanceliu2000@gmail.com


2. Wei Wang, Esq.
   Glacier Law LLP
   For Guangzhou Yuxiu Technology Co., Ltd. d/b/a ODSD-US
   41 Madison Avenue, Suite 2529
   New York, NY 10010
   T: (212) 729-5073
   Email: wei.wang@glacier.law


## 2. Nature of the Case and Defendant ODSD-US's Position

This is a design patent infringement action in which Plaintiff Jiafan Chen alleges infringement of U.S. Design Patent No. D1,083,260 S ("the Patent"), purportedly covering the ornamental design of a steam cleaning device.

Counsel for ODSD-US was only recently retained on April 22, 2026, and remains in the process of investigating the facts and circumstances underlying Plaintiff's claims. ODSD-US reserves the right to supplement or amend its position as the investigation continues.

Based on its preliminary investigation, ODSD-US expects to assert, among other defenses, that the Patent is invalid and/or unenforceable, and that the Complaint fails to state a claim upon which relief can be granted. Specifically, ODSD-US has reason to believe that Plaintiff Jiafan Chen is not the true and original inventor of the claimed design. Both ODSD-US and Plaintiff source their respective steam cleaning products from the same manufacturer. On information and belief, the design at issue was conceived and developed by the manufacturer, not by Plaintiff. To

the extent Plaintiff obtained the Patent based on designs originated by the manufacturer or others, the Patent may be invalid for incorrect inventorship under 35 U.S.C. § 256 and/or unenforceable. Furthermore, as discussed in more detail below, Plaintiff's Complaint fails to adequately plead infringement, as it rests on conclusory allegations unsupported by the factual specificity required.

The principal issues ODSD-US anticipates include:

- Validity of the Patent, including prior art, incorrect inventorship, and derivation;

- Whether Plaintiff is the true and original inventor of the claimed design;

- Whether the Complaint states a cognizable claim for design patent infringement;

- Whether ODSD-US's products infringe any valid and enforceable claim of the Patent; and

- Whether this action was brought in good faith.

## 3. Jurisdiction and Venue

ODSD-US does not contest subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338 at this time. As noted above, ODSD-US appeared in this action solely to oppose Plaintiff's motion for a preliminary injunction and expressly reserves all defenses relating to personal jurisdiction and service of process.

## 4. Anticipated Motions

ODSD-US anticipates filing one or more of the following motions:

- A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. As the District Court's prior Memorandum Opinion & Order (ECF No. 7) observed, Plaintiff's Complaint "does nothing more than make conclusory allegations" of infringement and fails to present adequate factual support. The Amended Complaint (ECF No. 17) does not cure these deficiencies as applied to ODSD-US.

- A motion for summary judgment on invalidity, including incorrect inventorship and/or anticipation by prior art;

- Motions challenging the sufficiency of Plaintiff's pleadings; and

- Such other motions as may become appropriate following discovery.

## 5. Proposed Deadline for Amendment and Joinder

ODSD-US proposes that the deadline to amend pleadings and join additional parties be set at 60 days after the initial case management conference, or such other date as the Court deems appropriate.

## 6. Discovery Plan

ODSD-US respectfully submits that setting a detailed discovery schedule at this stage is premature and would not serve the interests of efficiency or fairness, for the following reasons:

- No defendant in this action has been formally served. Plaintiff itself acknowledges that "[n]o Defendant has been formally served" and that service remains outstanding as to the majority of defendants on Schedule A.

- ODSD-US appeared solely to oppose Plaintiff's motion for a preliminary injunction. That limited appearance should not serve as the basis for imposing a full discovery schedule on a case that has not progressed beyond the pleadings stage for any other defendant.

- The scope of this litigation—including the number of defendants who will ultimately appear, the viability of joinder, and the disposition of anticipated Rule 12 motions—remains entirely uncertain. Setting a schedule now risks requiring wholesale revision shortly thereafter.

- If ODSD-US's anticipated motion to dismiss is granted, discovery may be unnecessary altogether, or significantly narrowed in scope.

ODSD-US therefore proposes that the Court defer entry of a discovery schedule until after: (1) all defendants have been served or voluntarily appeared; and (2) defendants have filed their answers or the Court has ruled on any motions to dismiss. At that point, the parties will be far better positioned to propose a realistic and efficient schedule tailored to the actual scope of the litigation.

To the extent the Court nonetheless requires a proposed schedule at this time, ODSD-US proposes the following framework, with all deadlines measured from the date the last-appearing defendant files an answer or the Court rules on all pending Rule 12 motions, whichever is later ("Schedule Trigger Date"):

- Rule 26(a)(1) initial disclosures: 21 days after Schedule Trigger Date;

- Plaintiff's infringement contentions (Local Patent Rule 6): 45 days after Schedule Trigger Date;

- Defendants' invalidity contentions (Local Patent Rule 7): 45 days after service of infringement contentions;

- Close of fact discovery: 6 months after Schedule Trigger Date;

- Opening expert reports: 30 days after close of fact discovery;

- Rebuttal expert reports: 30 days thereafter;

- Close of all discovery: 60 days after opening expert reports;

- Status conference: approximately 30 days before close of fact discovery.

ODSD-US is amenable to a Model Protective Order and is prepared to meet and confer on ESI protocols upon entry of a scheduling order.

**7. Settlement**

No settlement discussions have occurred. Given that counsel was recently retained and the investigation is ongoing, ODSD-US is not in a position to evaluate settlement at this time. ODSD-US is willing to participate in mediation or a settlement conference with the Court at an appropriate stage of the proceedings, after the factual record has been developed.

## 8. Summary Judgment

ODSD-US proposes that pre-motion conference requests regarding summary judgment be filed within 30 days after the close of all discovery.

## 9. Trial

ODSD-US reserves the right to demand a jury trial. ODSD-US estimates that trial will require approximately 3–5 days.

## 10. Consent to Magistrate Judge

ODSD-US does not consent at this time to trial before the designated Magistrate Judge.

Date: April 23, 2026

/s/ Wei Wang

Wei Wang, Esq.
GLACIER LAW LLP
41 Madison Avenue, Suite 2529
New York, NY 10010
wei.wang@glacier.law
(212) 729-5073
***Attorney for Defendant***