# GLACIER LAW LLP

41 MADISON AVENUE,
SUITE 2529,
NEW YORK, 10010
EMAIL: WEI.WANG@GLACIER.LAW
WEB: WWW.GLACIER.LAW

**April 23, 2026**

<u>**Via Electronic Case Filing**</u>
The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Application granted.

SO ORDERED.

_____

Hon. Ronnie Abrams
April 24, 2026

*Jiafan Chen v. Partnerships and Unincorporated Associations Identified on Schedule A,* Case
No. 1:25-cv-09099 (RA)

**RE: Letter-Motion for Extension of Time to Oppose Plaintiff's Motion for Preliminary
Injunction**

Dear Judge Abrams:

We are counsel for Defendant Guangzhou Yuxiu Technology Co., Ltd. d/b/a ODSD-US
("ODSD-US") and write pursuant to Rule 1(D) of Your Honor's Individual Rules of Practice to
respectfully request a twenty-one (21) day extension of time to file ODSD-US's opposition to
Plaintiff's Motion for Preliminary Injunction (ECF No. 18, filed March 18, 2026). This is ODSD-
US's first request for an extension of this deadline. Plaintiff's counsel has been contacted regarding
this request; Plaintiff does not consent.

Under Local Civil Rule 6.1(b), opposition papers to a motion such as this were due fourteen
(14) days after service, which passed on or about April 1, 2026. ODSD-US's counsel was not
retained until after that deadline had already elapsed. Accordingly, ODSD-US respectfully
requests that the Court grant a nunc pro tunc extension of the opposition deadline, and set a new
deadline of May 14, 2026, with Plaintiff's reply due fourteen (14) days thereafter.

Good cause exists for the requested extension. ODSD-US retained undersigned counsel
only recently, well after the preliminary injunction motion was filed and after the original
opposition deadline had passed. Upon retention, counsel promptly reviewed the docket and the
motion papers and began investigating the facts underlying Plaintiff's claims. Counsel had no prior
knowledge of or involvement in this matter before being retained.

The investigation necessary to oppose the preliminary injunction is ongoing and presents
substantial practical challenges. The relevant documentary evidence—including communications,
business records, supplier agreements, and product sourcing materials—is in Mandarin Chinese
and requires certified translation before it can be reviewed, analyzed, and incorporated into
opposition papers. The translation cannot be completed within a shorter period without
compromising the quality and accuracy of the submission.

ODSD-US has good-faith substantive defenses to the preliminary injunction. Based on counsel's preliminary investigation, ODSD-US expects to demonstrate, among other things, that Plaintiff is likely not the true inventor of the design claimed in U.S. Design Patent No. D1,083,260, as both Plaintiff and ODSD-US source their products from the same Chinese manufacturer, which appears to be the actual originator of the design. The Court and Plaintiff will be better served by a complete and accurate opposition than by a rushed one.

The requested extension will not prejudice Plaintiff. The Court has not yet scheduled a hearing on the preliminary injunction motion, and no injunction is currently in effect with respect to ODSD-US. The case remains at a very early stage, with no defendant yet formally served and an initial case management conference scheduled for April 30, 2026 before Magistrate Judge Moses. A brief extension will not materially affect the posture of this litigation.

No prior request for an extension of this deadline has been made. This is ODSD-US's first appearance in this action.

For the foregoing reasons, ODSD-US respectfully requests that the Court: (1) grant a nunc pro tunc extension of ODSD-US's time to oppose Plaintiff's Motion for Preliminary Injunction; and (2) set a new opposition deadline of May 14, 2026, with Plaintiff's reply due May 28, 2026.

Respectfully submitted,

Respectfully submitted

By: /s/ Wei Wang

Wei Wang
Glacier Law LLP
41 Madison Avenue, Suite 2529
New York, NY 10010
(212) 729-5073
Wei.wang@glacier.law