## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jiafan Chen | |
| *Plaintiff*, | **Case No. 25-cv-09099** |
| v. | **DECLARATION OF NITIN KAUSHIK IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |
| Partnerships and Unincorporated Associations Identified on Schedule A | |
| *Defendants*. | |

I, Nitin Kaushik, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am counsel for Plaintiff Jiafan Chen in this action. I submit this Declaration in support of Plaintiff's Motion for Preliminary Injunction.

2. I have personal knowledge of the facts set forth herein, except where stated upon information and belief, and if called as a witness, I could and would testify competently thereto.

**Investigation and Identification of Defendants**

3. My office investigated online marketplaces, including Amazon and similar platforms, to identify sellers offering products that appear to infringe Plaintiff's patented design.

4. Through this investigation, we identified multiple online storefronts offering products that are substantially identical in design to Plaintiff's patented product.

5. These storefronts are listed in Schedule A and include sellers operating under names such as Ganggend, KONLU, Flgocexs, and SVLVHOOL.

**Evidence of Infringement**

6. My office reviewed product listings, images, and descriptions associated with Defendants' storefronts.

7.  These listings include images that depict products substantially similar to Plaintiff's patented design.

8.  Plaintiff's inventor, Jiafan Chen, conducted a detailed side-by-side comparison of the patented design and the accused products and confirmed that the products are substantially the same in overall visual impression.

9.  True and correct copies of representative listings and comparison materials are attached as exhibits.

**Ongoing Harm and Need for Immediate Relief**

10. Based on my experience in intellectual property enforcement, defendants operating anonymous online storefronts frequently conceal their identities and move assets to evade enforcement.

11. Such defendants commonly transfer funds through layered payment systems and offshore accounts, making recovery difficult absent immediate injunctive relief.

12. If Defendants receive advance notice of this action, they are likely to:

    - remove or alter listings,

    - transfer assets beyond the Court's reach, and

    - destroy or conceal evidence.

13. Accordingly, ex parte relief and asset restraint are necessary to preserve the Court's ability to grant effective relief.

**Third-Party Involvement**

14. Defendants rely on third-party platforms, including online marketplaces and payment processors, to conduct their infringing activities.

15. Without an order directing these third parties to disable listings and restrain accounts, Defendants will continue their unlawful conduct.

**Conclusion**

16. For the foregoing reasons, Plaintiff respectfully requests that the Court grant the requested preliminary injunction and associated relief.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 18, 2026

<div style="margin-left:50%">

Respectfully submitted,

/s/ Nitin Kaushik
Nitin Kaushik
1600 Perrineville Rd
Ste 2-400
Monroe Township, NJ 08831
Tel: 908-560-7265
Email: nkaushik@kaushiklex.com
*Counsel for Plaintiff*

</div>