IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JIAFAN CHEN,

     *Plaintiff*,

v.

PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

     *Defendants*.

Case No. 1:25-cv-09099-RA-BCM

**Judge Ronnie Abrams**

**Magistrate Judge Barbara C. Moses**

### PLAINTIFF JIAFAN CHEN'S MOTION FOR LEAVE TO FILE AN OUT-OF-TIME OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), Local Civil Rule 6.1(b), and Rule 1(D) of Your Honor's Individual Rules and Practices in Civil Cases, Plaintiff Jiafan Chen respectfully requests leave to file, no later than July 27, 2026, his opposition to the Motion to Dismiss for Insufficient Service of Process filed by certain Defendants on June 24, 2026. Dkt. 43. Plaintiff further proposes that the Moving Defendants be permitted to file any reply by August 3, 2026.

### BACKGROUND

The Moving Defendants filed their motion on June 24, 2026. Dkt. 43. Under Local Civil Rule 6.1(b), Plaintiff's opposition was due fourteen days later, on July 8, 2026. No opposition was filed by that date.

Plaintiff retained undersigned counsel on July 17, 2026, after the opposition deadline had

already expired. Undersigned counsel entered appearances that same day. Dkts. 46–47. The missed deadline occurred during the transition in Plaintiff's representation and the transfer and review of the case record; it was not the product of a strategic decision to disregard the Court's rules or to obtain an advantage over the Moving Defendants.

Upon retention, undersigned counsel promptly reviewed the docket and the pending motion, addressed an ongoing resolution with Defendant TwoOases, and began preparing Plaintiff's response. Plaintiff thereafter voluntarily dismissed TwoOases on July 22, 2026. Dkt. 48. That dismissal does not terminate the action, which remains pending against the other Schedule A Defendants, including the remaining Moving Defendants.

Plaintiff now seeks only until July 27, 2026 to file the opposition—nineteen days after the original deadline and ten days after undersigned counsel entered appearances. No hearing has been scheduled on the motion, the Court has not ruled on it, and no other case-management deadline would be affected.

## ARGUMENT

After a deadline has expired, Rule 6(b)(1)(B) permits an extension upon a showing of good cause and excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). The inquiry is equitable and considers "all relevant circumstances surrounding the party's omission," including the danger of prejudice, the length of the delay and its effect on the proceeding, the reason for the delay, and whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 228 (2d Cir. 2004). Those considerations favor permitting the opposition to be filed.

First, the brief extension will not prejudice the Moving Defendants. Their service objections remain fully preserved, and they will have a complete opportunity to reply. The

requested schedule does not require additional discovery, alter the substance of the motion, or interfere with a hearing or other deadline.

Second, the delay is limited and will have no material effect on the proceeding. Plaintiff seeks to file the opposition less than three weeks after the original deadline, at an early stage of the case and before adjudication of the Motion to Dismiss for Insufficient Service of Process. The proposed August 3 reply date would complete briefing promptly.

Third, the omission arose during a transition in representation. Undersigned counsel was not retained until after the deadline had expired and acted promptly upon entering the case. Although the missed deadline is attributable to Plaintiff, the circumstances do not reflect willful disregard, tactical delay, or repeated noncompliance.

Fourth, Plaintiff has acted in good faith. New counsel entered appearances immediately upon retention, reviewed the pending docket, completed the resolution and dismissal of one Defendant, and sought relief promptly so that the motion may be decided on a complete adversarial record. Allowing the opposition will serve the strong preference for resolving disputes on their merits without causing cognizable prejudice to any remaining Defendant.

### CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court grant leave to file his opposition to MOTION to Dismiss for Insufficient Service of Process, Dkt. 43, by July 27, 2026, and permit the Moving Defendants to file any reply by August 3, 2026.

Dated:    July 22, 2026.

THE LAW OFFICE OF X. LYU, PLLC

By: */s/   Xintong Lyu*
    Xintong Lyu, NYSBA No. 6253975
    36-36 Prince St., Ste 309A
    Flushing New York 11354
    (212) 812-8253
    catherine.lyu@lyulawpllc.com

Jian Wang, NYSBA No. 6315865
36-36 Prince St., Ste 309A
Flushing, New York 11354
Phone: (212) 812-8253
Email: jwang@lyulawpllc.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 22, 2026, the foregoing document was filed electronically with the Clerk of the Court for the United States District Court for the Southern District of New York using the Court's Electronic Case Filing System, which will send notification to all attorneys of record in this case.

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

By: */s/   Xintong Lyu*
       Xintong Lyu