# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

JIAFAN CHEN,

       *Plaintiff*,

v.

PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

       *Defendants*.

Case No. 1:25-cv-09099-RA-BCM

**Judge Ronnie Abrams**

**Magistrate Judge Barbara C. Moses**


**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND REQUEST
<u>FOR ALTERNATIVE SERVICE UNDER RULE 4(f)(3)</u>**

## TABLE OF CONTENTS

**Page**

**INTRODUCTION**................................................................................................................ 1

**FACTUAL BACKGROUND** ............................................................................................. 2

**LEGAL STANDARD**........................................................................................................ 4

**ARGUMENT**..................................................................................................................... 4

    I.      INCOMPLETE FOREIGN SERVICE DOES NOT REQUIRE DISMISSAL ...... 4

          A.      Rule 4(m)'s Ninety-Day Deadline Does Not Ordinarily Govern Service in China. .............................................................................................. 4

          B.      Even If Rule 4(m) Applies, the Court Should Extend the Time to Complete Service.................................................................................... 5

          C.      The April 24 Order Does Not Require Dismissal of the Action. ................ 6

          D.      The Motion Is Moot as to TwoOases and Cannot Support Dismissal of the Entire Action. ......................................................................................... 7

    II.     THE COURT SHOULD AUTHORIZE ALTERNATIVE SERVICE THROUGH DEFENDANTS' COUNSEL............................................................................... 7

          A.      Service Through United States Counsel Is Not Prohibited by the Hague Convention. ............................................................................................... 7

          B.      Service on Counsel Is Reasonably Calculated to Provide Notice and Satisfies Due Process. .............................................................................. 8

**CONCLUSION** .................................................................................................................. 9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Burda Media, Inc. v. Viertel*,
417 F.3d 292 (2d Cir. 2005) ............................................................................................. 4

*DeLuca v. AccessIT Grp., Inc.*,
695 F. Supp. 2d 54 (S.D.N.Y. 2010) ................................................................................ 6

*Grammenos v. Lemos*,
457 F.2d 1067 (2d Cir. 1972) ........................................................................................... 4

*Henderson v. United States*,
517 U.S. 654 (1996)........................................................................................................... 4

*In re Global Cord Blood Corp. Sec. Litig.*,
No. 24-cv-3071, Dkt. 163 (S.D.N.Y. Feb. 17, 2026) .................................................. 5, 8

*Jian Zhang v. Baidu.com Inc.*,
293 F.R.D. 508 (S.D.N.Y. 2013)..................................................................................... 8, 9

*Khan Funds Mgmt. Am., Inc. v. Nations Techs. Inc.*,
No. 22-cv-5055, 2024 WL 3013759 (S.D.N.Y. June 13, 2024)......................................... 9

*Mullane v. Cent. Hanover Bank & Tr. Co.*,
339 U.S. 306 (1950)........................................................................................................... 9

*Orient Plus Int'l Ltd. v. Baosheng Media Grp. Holdings Ltd.*,
2024 WL 2317715 (S.D.N.Y. May 22, 2024) .................................................................. 8

*Romandette v. Weetabix Co.*,
807 F.2d 309 (2d Cir. 1986) ........................................................................................ 4, 6

*Rosales v. Pepe's Rest. Grp. LLC*,
No. 25-cv-1744, Dkt. 33 (S.D.N.Y. July 9, 2025)............................................................. 6

*SEC v. Shehyn*,
No. 04-cv-2003 (LAP), 2008 WL 6150322 (S.D.N.Y. Nov. 26, 2008) ......................... 5

*SEC v. Taller*,
No. 25-cv-3537, Dkt. 12 (S.D.N.Y. July 7, 2025)............................................................. 9

*Troell v. Binance Holdings Ltd.*,
No. 24-cv-7136, Dkt. 94 (S.D.N.Y. May 16, 2025)......................................................... 8

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
486 U.S. 694 (1988)........................................................................................................... 8

*Zapata v. City of New York*,
502 F.3d 192 (2d Cir. 2007) ........................................................................................ 4, 5

ii

**Other Authorities**

Hague Conference on Private International Law,
*China — Central Authority & Practical Information* (updated Jan. 15, 2026) .............................. 5

Federal Rule of Civil Procedure 4(f)(3) ......................................................................... 2, 6, 7, 8, 9

Federal Rule of Civil Procedure 4(h)(2) .................................................................................. 2, 5

Federal Rule of Civil Procedure 4(m) ........................................................................... 1, 3, 4, 5, 7

Federal Rule of Civil Procedure 41(b) ......................................................................................... 7

Federal Rule of Civil Procedure 12(b)(5) ................................................................................. 4, 7

**INTRODUCTION**

Defendants GANGGEND, KW HOME&GARDEN, JOYGO-US, TWOOASES, DAAN-US, GRANARBOL, FLGOCEXS, YUBODA-US, QGUO-US, TOSXW-US, CKDUSCPRO-US, KONLU, and SVLVHOOL (collectively, the "Defendants") move to dismiss this action for insufficient service of process. Dkt. 43. Their Motion rests on two incorrect premises: first, that the ninety-day deadline in Federal Rule of Civil Procedure 4(m) automatically governs service on defendants located in China; and second, that an incomplete effort to effect foreign service requires dismissal rather than an opportunity to cure. Neither proposition is correct.

Rule 4(m) expressly provides that its ninety-day deadline "does not apply to service in a foreign country under Rule 4(f)" or Rule 4(h)(2). The Defendants are located in China, where service ordinarily proceeds under the Hague Service Convention and may require Chinese translations and several months to complete. Even assuming Rule 4(m) applies, the Rule does not mandate dismissal. It expressly authorizes the Court to direct that service be completed within a specified period, and courts in this Circuit retain discretion to extend the service deadline even in the absence of good cause.

Dismissal is particularly unwarranted because the Defendants have had actual notice of this action and have actively litigated it through United States counsel. Their counsel entered appearances, sought affirmative relief, filed submissions on their behalf, opposed Plaintiff's request for preliminary injunctive relief, participated in the show-cause proceedings, and filed the present Motion. Plaintiff does not contend that actual notice alone perfects service. Rather, Defendants' actual notice, extensive participation, and inability to identify any prejudice strongly favor allowing Plaintiff to cure service instead of dismissing claims that can readily be adjudicated on the merits.

1

The Court should therefore deny the Motion and authorize alternative service on the Defendants through their counsel of record under Rules 4(f)(3) and 4(h)(2). Service through domestic counsel is not prohibited by the Hague Convention where no judicial document must be transmitted abroad as a necessary component of service, and it is reasonably calculated to provide notice where counsel has an established and active attorney-client relationship with the foreign defendants. Alternatively, the Court should grant Plaintiff a reasonable period to complete service through China's Central Authority.

Finally, because Plaintiff has settled with and voluntarily dismissed TwoOases, Dkt. 48, the Motion is moot as to that Defendant.

## FACTUAL BACKGROUND

Plaintiff commenced this design-patent infringement action in November 2025. The public Complaint was filed on December 20, 2025. Dkt. 4. It alleges that the Schedule A defendants operate interactive e-commerce stores through which they offer and sell accused products to customers in the United States, including New York. *Id*. ¶¶ 2, 6–10.

The Defendants received actual notice almost immediately. On December 25, 2025, attorney Lance Liu entered a notice of appearance on behalf of the Defendants. Dkt. 6. On December 31, 2025, Mr. Liu moved to compel Plaintiff to unseal the case, Dkt. 8, and on January 7, 2026, filed a further letter concerning that request. Dkt. 10. Those filings demonstrate that Defendants and their counsel were communicating about this action months before the Motion to Dismiss (Dkt. 43) was filed.

Plaintiff filed the First Amended Complaint on February 18, 2026, Dkt. 17, and moved for a preliminary injunction on March 18, 2026. Dkt. 18. On April 23, 2026, Mr. Liu entered specific appearances for Ganggend, KW Home&Garden, joygo-us, TwoOases, daan-us, Granarbol,

2

Flgocex, YUBODA-US, QGUO-US, TOSXW-US, KONLU, CKductpro-US, and SVLVHOOL. Dkts. 23–24. He also filed an amended pre-conference statement on those Defendants' behalf. Dkt. 25.

On April 24, 2026, the Court established a briefing schedule and a June 5, 2026 show-cause hearing on Plaintiff's request for preliminary injunctive relief. The Court directed Plaintiff to serve the unredacted First Amended Complaint, Schedule A, exhibits, and preliminary-injunction papers and to file proof of service by May 1, 2026. Dkt. 30. Plaintiff sought an extension of the proof-of-service deadline on April 27, 2026. Dkt. 31.

The Defendants did not remain on the sidelines while awaiting formal service. Through Mr. Liu, they filed a substantive opposition to Plaintiff's preliminary-injunction motion and supporting evidentiary materials, and they participated in the proceedings culminating in the June 5 show-cause hearing. On June 11, 2026, the Court denied preliminary injunctive relief and directed Plaintiff to publicly file and serve the operative unredacted pleading and associated materials. Dkt. 37. Plaintiff thereafter filed a Second Amended Complaint on June 14, 2026. Dkt. 40.

On June 24, 2026, the Defendants filed the Motion to Dismiss. Dkt. 43. The motion asserts that Plaintiff made "no effort" to serve Defendants and that Rule 4(m) therefore "mandate[s]" dismissal of the entire action. *Id*. at 1–3. The docket contradicts that characterization. On the same day, Plaintiff filed a request for issuance of summonses directed to twenty-one identified foreign defendants and attached individual proposed summonses. Dkt. 44. On June 26, the Clerk instructed Plaintiff to refile because the proposed summons PDFs had been attached using the incorrect event and format. Plaintiff filed a corrective letter that same day. Dkt. 45.

New counsel for Plaintiff entered appearances on July 17, 2026. Dkts. 46–47. On July 22, 2026, after reaching a settlement, Plaintiff voluntarily dismissed TwoOases without prejudice. Dkt.

48. The case continues against the remaining Defendants.

## LEGAL STANDARD

On a motion under Rule 12(b)(5), the plaintiff bears the burden of showing that service was adequate. *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298–99 (2d Cir. 2005). But invalid or incomplete service does not automatically require dismissal. *See*, *e.g.*, *Henderson v. United States*, 517 U.S. 654, 662–63 (1996) ("[I]n 1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120–day period 'even if there is no good cause shown.'" (quoting Fed. R. Civ. P. 4(m) Adv. Comm. Notes)).

Rule 4 is construed liberally to further adjudication where the defendant has received actual notice, and the Second Circuit has instructed that dismissal is not appropriate where proper service may still be obtained. *Grammenos v. Lemos*, 457 F.2d 1067, 1070–71 (2d Cir. 1972); *Romandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir. 1986). A court may quash or disregard defective service, permit new summonses to issue, and allow a renewed attempt at service instead of terminating the action. *Grammenos*, 457 F.2d at 1071.

Rule 4(m) likewise does not compel dismissal. It authorizes the Court either to dismiss without prejudice or to "order that service be made within a specified time," and it requires an extension upon good cause. Fed. R. Civ. P. 4(m). Even without good cause, district courts in this Circuit retain discretion to extend the service period after balancing prejudice and the other relevant circumstances. *Zapata v. City of New York*, 502 F.3d 192, 196–99 (2d Cir. 2007).

## ARGUMENT

**I.    INCOMPLETE FOREIGN SERVICE DOES NOT REQUIRE DISMISSAL**

    **A.    Rule 4(m)'s Ninety-Day Deadline Does Not Ordinarily Govern Service in China.**

Defendants' motion quotes the first sentence of Rule 4(m) but omits the Rule's express

foreign-service exception: "This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1)." Fed. R. Civ. P. 4(m). The Defendants are located in China and must be served under Rule 4(f), as incorporated for foreign entities by Rule 4(h)(2), unless the Court authorizes another lawful method.

Courts therefore apply a flexible due-diligence standard rather than a mechanical ninety-day cutoff to foreign service. *In re Global Cord Blood Corp. Sec. Litig.*, No. 24-cv-3071, Dkt. 163, at 12–13 (S.D.N.Y. Feb. 17, 2026) (denying Rule 12(b)(5) motions and applying "flexible due diligence" to foreign defendants served under Rule 4(f)); *SEC v. Shehyn*, No. 04-cv-2003 (LAP), 2008 WL 6150322, at *4 (S.D.N.Y. Nov. 26, 2008) ("[T]here is no time limit by which service must be effected on a defendant in a foreign country pursuant to Rule 4(f).").

The Court should reject Defendants' suggestion that Hague service can be completed on the same schedule as domestic service. China's Central Authority requires the service papers and evidence to be in Chinese or accompanied by a Chinese translation and reports that execution of a service request takes "around 6 months." Hague Conference on Private International Law, *China — Central Authority & Practical Information* (updated Jan. 15, 2026), https://www.hcch.net/en/states/authorities/details3/?aid=243. Those treaty procedures are the reason Rule 4(m) excludes foreign service from the ordinary ninety-day period.

## B. Even If Rule 4(m) Applies, the Court Should Extend the Time to Complete Service.

Defendants' contention that Rule 4(m) "mandate[s]" dismissal is wrong even on its own terms. Dkt. 43 at 2. Rule 4(m) expressly gives the Court the option to order service within a specified time. And under *Zapata*, the Court may grant a discretionary extension even if good cause is not established. 502 F.3d at 196.

Courts considering a discretionary extension examine, among other things, actual notice,

prejudice, judicial efficiency, and whether a merits disposition is preferable. *See Rosales v. Pepe's Rest. Grp. LLC*, No. 25-cv-1744, Dkt. 33, at 12–16 (S.D.N.Y. July 9, 2025) (denying Rule 12(b)(5) motion and allowing renewed service where defendant had notice and no material prejudice would result); *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010). Each factor favors Plaintiff.

First, the Moving Defendants had actual notice at the beginning of the case. Their counsel entered an appearance five days after the public Complaint was filed and has represented them continuously. Dkts. 6, 8, 10, 23–25, 43.

Second, Defendants have suffered no litigation prejudice. They obtained the pleadings and motion papers, presented substantive evidence and legal argument against preliminary relief, participated in the hearing, and filed the present motion. Formal service will not deprive them of any defense or require duplication of work.

Third, proper service is plainly achievable. Corrected summonses can be served through Defendants' counsel under Rule 4(f)(3), or Plaintiff can transmit translated papers through China's Central Authority.

Plaintiff acknowledges that actual notice does not, by itself, substitute for valid service. It does, however, eliminate any plausible claim of surprise and strongly supports allowing service to be cured. *Romandette*, 807 F.2d at 311 ("Rule 4 of the Federal Rules is to be construed liberally to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice.") (internal quotations omitted). Because service can readily be completed and Defendants are already litigating through counsel, dismissal would elevate a curable procedural issue over the merits without protecting any legitimate interest.

C.     **The April 24 Order Does Not Require Dismissal of the Action.**

6

Defendants also invoke the April 24 order as though it were a Rule 41(b) dismissal order or a final adjudication under the law-of-the-case doctrine. It was neither. April 24 order established a proof-of-service deadline in connection with the preliminary-injunction schedule and show-cause hearing. Dkt. 30. The order did not state that failure to meet the deadline would result in dismissal, and Plaintiff promptly sought additional time. Dkt. 31. After the Court denied preliminary relief, it again directed Plaintiff to file and serve the operative unredacted materials. Dkt. 37. Plaintiff then filed the operative Second Amended Complaint and requested issuance of summonses. Dkts. 40, 44–45.

Noncompliance with a service deadline should be remedied by directing prompt service, particularly where Defendants had actual notice and fully participated in the very proceeding for which service was ordered. It does not justify dismissal of every claim against every defendant.

### D. The Motion Is Moot as to TwoOases and Cannot Support Dismissal of the Entire Action.

The present motion includes TwoOases among the other Defendants. Plaintiff dismissed TwoOases on July 22, 2026 after the parties resolved their dispute. Dkt. 48. The motion is therefore moot as to TwoOases.

Moreover, the remaining Defendants cannot obtain dismissal of claims against nonmoving defendants. Any relief under Rule 12(b)(5) must be limited to the particular defendant whose service is challenged, not the action "in its entirety." Fed. R. Civ. P. 4(m) (authorizing dismissal "against that defendant").

## II. THE COURT SHOULD AUTHORIZE ALTERNATIVE SERVICE THROUGH DEFENDANTS' COUNSEL

### A. Service Through United States Counsel Is Not Prohibited by the Hague Convention.

Rule 4(f)(3) authorizes service "by other means not prohibited by international agreement,

7

as the court orders." That provision is an independent basis for service, and there is no hierarchy requiring exhaustion of Rules 4(f)(1) or 4(f)(2) before relief may be granted. *Orient Plus Int'l Ltd. v. Baosheng Media Grp. Holdings Ltd.*, 2024 WL 2317715, at \*3–4 (S.D.N.Y. May 22, 2024); *Troell v. Binance Holdings Ltd.*, No. 24-cv-7136, Dkt. 94, at 4–10 (S.D.N.Y. May 16, 2025).

This Court previously observed that direct email service on defendants located in China is prohibited by the Hague Convention. Dkt. 7 at 13–14. Plaintiff does not request direct email service into China. Plaintiff requests service on Defendants' counsel of record in the United States—a domestic conduit. The Supreme Court has held that the Hague Convention does not apply where service is validly completed on a domestic agent because no judicial document must be transmitted abroad as a necessary part of service. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988). Any private transmission from domestic counsel to the foreign client does not trigger the Convention. *Id.*; *Orient Plus,* 2024 WL 2317715, at \*3 (holding that the Hague Convention does not apply where "no judicial document is transmitted for service abroad" because service is effected on a domestic counsel, even where "it was obvious that the domestic agent would ultimately transmit the service documents to the defendant in the foreign country").

Consistent with *Schlunk*, courts in this District repeatedly authorize Rule 4(f)(3) service on United States counsel for foreign defendants, including defendants located in China. *In re Global Cord Blood*, No. 24-cv-3071, Dkt. 163, at 13–14; *Orient Plus*, 2024 WL 2317715, at \*3–6; *Jian Zhang v. Baidu.com Inc.*, 293 F.R.D. 508, 515 (S.D.N.Y. 2013).

Accordingly, the majority rule in this District is that service through a domestic counsel is permissible.

### B.   Service on Counsel Is Reasonably Calculated to Provide Notice and Satisfies Due Process.

Alternative service must be reasonably calculated, under all the circumstances, to provide

notice and an opportunity to be heard. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). Service on domestic counsel satisfies that standard where the record demonstrates actual notice and adequate communication between the defendant and counsel. *Jian Zhang*, 293 F.R.D. at 515.

That showing is overwhelming here. Mr. Liu did not merely communicate with the Defendants about an unrelated matter. He entered individual appearances for every Defendant, identified himself as their attorney, filed submissions on their behalf, opposed preliminary relief with evidentiary support obtained from them, participated in the show-cause process, and filed the present motion at their direction. Dkts. 6, 8, 10, 23–25, 43. The motion itself confirms continuing attorney-client communication and requests adjudicative relief for the Defendants.

Service on Mr. Liu via the email address stated in the present motion is therefore not merely likely to provide notice—it will provide formal process through the exact attorney presently acting for Defendants in this action. Counsel's lack of advance authorization to accept conventional service, if asserted, would not be dispositive once the Court authorizes the method under Rule 4(f)(3). *SEC v. Taller*, No. 25-cv-3537, Dkt. 12, at 7 (S.D.N.Y. July 7, 2025); *Khan Funds Mgmt. Am., Inc. v. Nations Techs. Inc.*, No. 22-cv-5055, 2024 WL 3013759, at *6 (S.D.N.Y. June 13, 2024).

<b><u>CONCLUSION</u></b>

For the foregoing reasons, Plaintiff respectfully requests that the Court: (1) deny Defendants' Motion to Dismiss (Dkt. 43) as moot as to TwoOases; (2) deny the motion as to the remaining Defendants; (3) authorize, under Rules 4(f)(3) and 4(h)(2), service of the summonses, operative Second Amended Complaint, and exhibits on the remaining Defendants through their counsel of record, Lance Liu, by ECF and email; and (4) alternatively, extend Plaintiff's time to

9

complete Hague service for 180 days after issuance of corrected summonses.


Dated:    July 27, 2026.

**THE LAW OFFICE OF X. LYU, PLLC**

By: */s/   Xintong Lyu*
    Xintong Lyu, NYSBA No. 6253975
    36-36 Prince St., Ste 309A
    Flushing New York 11354
    (212) 812-8253
    catherine.lyu@lyulawpllc.com

Jian Wang, NYSBA No. 6315865
36-36 Prince St., Ste 309A
Flushing, New York 11354
Phone: (212) 812-8253
Email: jwang@lyulawpllc.com

10

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 27, 2026, the foregoing document was filed electronically with the Clerk of the Court for the United States District Court for the Southern District of New York using the Court's Electronic Case Filing System, which will send notification to all attorneys of record in this case.

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

By: */s/   Xintong Lyu*
Xintong Lyu