**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Jiafan Chen,<br><br>             Plaintiffs,<br><br>v.<br><br>PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>             Defendants. | Case No. 1:25-CV-09099<br><br>Judge Hon. Ronnie Abrams<br><br>Magistrate Judge Hon. Barbara C. Moses |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS FOR INSUFFIENT SERVICE OF PROCESS UNDER RULE
12(B)(5)**

Defendants GANGGEND, KW HOME&GARDEN, JOYGO-US, DAAN-US, GRANARBOL, FLGOCEXS, YUBODA-US, QGUO-US, CKDUSCPRO-US, KONLU, and SVLVHOOL, ("Defendants") through their undersigned counsel, hereby files it Reply to Plaintiff's Opposition to Their Motion to dismiss the Complaint [Dkt. No. 1] and the Amended Complaint [Dkt. No. 17]. The reason is simple. Plaintiff has disobeyed this Court's Order to file proof of service on the docket by May 1, 2026 [Dkt. No. 30] and continued to disobey the Court Order.

As the case was filed on November 13, 2025 and the 90-day period ended on February 13, 2026, at which time Plaintiff failed to complete its service of process.

The Court gave Plaintiff an extension of time, from February 13, 2026 to May 1, 2026 at which time Plaintiff was ordered to file its proof of service [Dkt. No. 30].

Instead of complying with the Court Order, Plaintiff concocted a "service on opposing counsel scheme" wherein the opposing counsel is not authorized to receive service on behalf of

the Defendants. Plaintiff initiated this case and must be ordered to carry out its own obligations to move the case forward and shall not be allowed to transfer Plaintiff's responsibility to the Defendants.

*Arguendo*, even assuming Plaintiff is allowed to send copies of the Summon and Complaint to the undersigned as Defendants' agent which he is not, the undersigned still need to communicate with his clients by emails.  In essence, Plaintiff's scheme would be an end-run around the Second Circuit Court decision that "In sum, we conclude that email service on the Chinese defendants is prohibited by the Hague Service Convention, and thus improper under Rule 4(f)(3)." *Smart Study Co., LTD. v. Acuteye-US*, No. 24-313, slip op. at 19 (2nd Cir. December 18, 2025).

Moreover, Defendants note that the Second Circuit Court's decision came out on December 18, 2025 and Plaintiff filed the present case on December 20, 2025 and is presumed to know the current case law on service of process on Chinese Defendants. Plaintiff did nothing in the last seven months to complete its service of process via Hague Service Convention and such neglect is not excusable and the change of counsel does not give the Plaintiff any additional excuses to not to follow the Second Circuit Court case law.

Therefore, Defendants' Motion must be granted in its entirety to dismiss the current case.


July 27, 2026                              BY:    /s/lance liu
                                                  Lance Liu, Esq.
                                                  15 Minuteman Circle
                                                  Southbury, CT 06488
                                                  Email: lanceliu2000@gmail.com
                                                  Phone: (203)706-9536
                                                  Attorney for Defendants

2

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2026, a copy of the foregoing document was filed electronically through the Court's CM/ECF NextGen system with notice of filing automatically sent electronically to counsel of record.

/s/lance liu

BY: Lance Liu, Esq.
15 Minuteman Circle
Southbury, CT 06488
Email: lanceliu2000@gmail.com
Phone: (203)706-9536
Attorney for Defendants