# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JIAFAN CHEN, | |
| *Plaintiff,* | Case No. 1:25-cv-09099-RA-BCM |
| v. | **Judge Ronnie Abrams** |
| PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | **Magistrate Judge Barbara C. Moses** |
| *Defendants.* | |

## JOINT PRE-CONFERENCE STATEMENT AND STATUS REPORT

Pursuant to the Court's June 23, 2026 Memo Endorsement (Dkt. 42), and in advance of the initial case management conference scheduled for July 30, 2026 at 11:00 a.m., Plaintiff Jiafan Chen ("Plaintiff") submits the following proposed Joint Pre-Conference Statement and Status Report. Plaintiff's positions and proposed schedule are set forth below. Sections identified for Defendants are reserved for their review and input before filing.

**1. Counsel Expected to Appear at the Conference**

**Plaintiff:**
Xintong Lyu, Esq.
THE LAW OFFICE OF X. LYU, PLLC
36-36 Prince Street, Suite 309A
Flushing, New York 11354
Telephone: (212) 812-8253
Email: catherine.lyu@lyulawpllc.com

Jian Wang, Esq.

1

THE LAW OFFICE OF X. LYU, PLLC

36-36 Prince Street, Suite 309A

Flushing, New York 11354

Telephone: (212) 812-8253

Email: jwang@lyulawpllc.com

Plaintiff's counsel will appear at the conference.

**Defendants:**

Lance Liu, Esq.

15 Minuteman Circle

Southbury, Connecticut 06488

Telephone: (203) 706-9536

Email: lanceliu2000@gmail.com

Counsel for the Defendants identified in Dkts. 23–25 and 43, subject to counsel's confirmation.

Wei Wang, Esq.

GLACIER LAW LLP

41 Madison Avenue, Suite 2529

New York, New York 10010

Telephone: (212) 729-5073

Email: wei.wang@glacier.law

Counsel for Guangzhou Yuxiu Technology Co., Ltd. d/b/a ODSD-US, subject to counsel's confirmation.

## 2. Nature of the Case and Principal Issues

**Plaintiff's Position:**

This is a design-patent infringement action concerning U.S. Design Patent No. D1,083,260 S (the "Asserted Patent"), which claims the ornamental design of a steam-cleaning device. Plaintiff alleges that Defendants operate foreign-based e-commerce storefronts, including Amazon storefronts, through which they have offered for sale and sold products that embody substantially the same ornamental design and create the same overall visual impression as the design claimed in the Asserted Patent.

Defendants have disputed infringement and have asserted or indicated that they may assert

2

defenses concerning prior design activity, inventorship, invalidity, unenforceability, joinder, personal jurisdiction, and service of process. Plaintiff disputes those positions. The principal issues presently include:

- whether the accused steam-cleaner products infringe the Asserted Patent under the ordinary-observer standard;

- Defendants' licensor has counterclaims against Plaintiff and against Plaintiff's Amazon store for patent infringement.

- the validity, enforceability, ownership, and inventorship of the Asserted Patent;

- the identity, relationships, sourcing arrangements, and alleged concerted activity of the Schedule A Defendants;

- personal jurisdiction, venue, and the sufficiency and method of service on foreign defendants;

- the extent of Defendants' U.S. and New York sales, revenues, profits, and other infringing activity;

- the availability and scope of injunctive relief, damages, disgorgement, enhanced damages, fees, and other relief; and

- the effect of the parties' completed and anticipated settlements on the remaining claims and parties.

**Defendants' Position:**

The following statements set forth the position of Defendant Guangzhou Yuxiu Technology Co., Ltd. d/b/a ODSD-US ("ODSD-US"). ODSD-US does not speak for any other Defendant, each of whom may state its own position. (Wei Wang)

ODSD-US sells a steam-cleaning product sourced from the same manufacturer that

supplies Plaintiff. ODSD-US denies infringement and contends that the Asserted Patent is invalid and/or unenforceable and that the operative pleading fails to state a claim against ODSD-US. (Wei Wang)

ODSD-US contends that Plaintiff Jiafan Chen is not the true and original inventor of the claimed ornamental design. On the present record — including Plaintiff's own supplemental declaration and third-party design-patent filings predating Plaintiff's application — the ornamental design was conceived by the manufacturer's designers, not by Plaintiff. The Asserted Patent is therefore invalid for incorrect inventorship under 35 U.S.C. § 256, is anticipated by prior art, and/or is unenforceable. ODSD-US further contends that its own product embodies a separate, later design that does not infringe under the ordinary-observer standard. (Wei Wang)

The Court has already denied Plaintiff's motion for a preliminary injunction. Dkt. 37. ODSD-US appeared solely to oppose that motion and expressly reserves all defenses, including lack of personal jurisdiction and insufficient service of process. The principal issues ODSD-US anticipates include invalidity (prior art, incorrect inventorship, and derivation); whether Plaintiff is the true inventor; whether the pleading states a claim as to ODSD-US; sufficiency of service and personal jurisdiction; and non-infringement. (Wei Wang)

## 3. Procedural Background and Current Status

**Plaintiff's Position:**

Plaintiff commenced this action in November 2025. The public Complaint was filed on December 20, 2025. Dkt. 4. Counsel for certain Defendants entered an appearance on December 25, 2025, Dkt. 6, and thereafter sought relief concerning the sealing of the action. Dkts. 8, 10.

Plaintiff filed the First Amended Complaint on February 18, 2026. Dkt. 17. Plaintiff moved

for preliminary injunctive relief on March 18, 2026. Dkt. 18. On April 23, 2026, counsel entered appearances for specifically identified Defendants, and the parties filed separate pre-conference submissions. Dkts. 22–26.

On June 11, 2026, the Court denied Plaintiff's motion for preliminary injunctive relief and directed Plaintiff to publicly file and serve the operative unredacted pleading and associated materials. Dkt. 37. Plaintiff filed a Notice of Appeal, Dkt. 39, and filed the operative Second Amended Complaint on June 14, 2026. Dkt. 40.

On June 23, 2026, the Court adjourned the initial case management conference from July 2, 2026 to July 30, 2026 and directed the parties to submit a joint pre-conference statement by July 27, 2026. Dkt. 42.

On June 24, 2026, Defendants GANGGEND, KW HOME&GARDEN, JOYGO-US, TWOOASES, DAAN-US, GRANARBOL, FLGOCEXS, YUBODA-US, QGUO-US, TOSXW-US, CKDUSCPRO-US, KONLU, and SVLVHOOL moved to dismiss for insufficient service of process. Dkt. 43. Plaintiff requested issuance of summonses directed to identified foreign defendants and thereafter submitted a corrective filing in response to the Clerk's instructions. Dkts. 44–45. Plaintiff's current counsel entered appearances on July 17, 2026. Dkts. 46–47.

Plaintiff and TwoOases reached a settlement, and Plaintiff voluntarily dismissed TwoOases without prejudice on July 22, 2026. Dkt. 48. Plaintiff and TOSXW-US have also reached an agreement in principle and are finalizing settlement documentation. Plaintiff anticipates that TOSXW-US will be dismissed in the near term after the settlement is completed.

On July 27, 2026, Plaintiff filed its opposition to the motion to dismiss and requested that the Court deny dismissal and authorize alternative service through Defendants' United States counsel under Rules 4(f)(3) and 4(h)(2), or alternatively extend the period for completion of

service through the Hague Service Convention. Dkt. 52.

**Defendants' Position:**

The Court already gave Plaintiff an extension of time, from February 13, 2026 to May 1, 2026 at which time Plaintiff was ordered to file its proof of service [Dkt. No. 30]. Plaintiff simply disobeyed the Court Order [Dkt. No. #30] and continued to disobey the Court Order. (Lance Liu)

Instead of complying with the Court Order, Plaintiff concocted a "service on opposing counsel scheme" wherein the opposing counsel is not authorized to receive service on behalf of the Defendants. Moreover, the undersigned communicates with his clients by emails. It is a back-run against the Second Circuit Court held that "In sum, we conclude that email service on the Chinese defendants is prohibited by the Hague Service Convention, and thus improper under Rule 4(f)(3)." *Smart Study Co., LTD. v. Acuteye-US*, No. 24-313, slip op. at 19 (2nd Cir. December 18, 2025). (Lance Liu)

Defendants note that the Second Circuit Court's decision came out on December 18, 2025 and Plaintiff filed the present case on December 20, 2025 and is presumed to the case law on service of process on Chinese Defendants. Plaintiff did nothing in the last seven months to complete its service of process via Hague Service Convention. The change of counsel does not five the Plaintiff any excuse to not to follow the Second Circuit Court case law. (Lance Liu)

ODSD-US does not dispute the docket entries listed above but notes the following. ODSD-US's appearance was entered solely to oppose Plaintiff's preliminary-injunction motion, which the Court denied on June 11, 2026. Dkt. 37. That limited appearance did not waive, and ODSD-US expressly preserves, its defenses of insufficient service of process and lack of personal jurisdiction. ODSD-US has not been served with process. ODSD-US takes no position on the settlements between Plaintiff and other Defendants. (Wei Wang)

**4. Jurisdiction and Venue**

**Plaintiff's Position:**

The Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Plaintiff contends that the Court may exercise personal jurisdiction over Defendants because they purposefully directed commercial activity toward the United States and New York, including by operating interactive e-commerce storefronts through which accused products were offered for sale and sold to consumers in this District. Plaintiff further contends that venue is proper as to foreign defendants under the patent-venue and foreign-defendant provisions of Title 28.

**Defendants' Position:**

Defendants contest the venue and personal jurisdiction. (Lance Liu)

ODSD-US does not contest subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). ODSD-US does not concede, and expressly reserves, its defenses of lack of personal jurisdiction, improper venue, and insufficient service of process. ODSD-US is a foreign (Chinese) company; Plaintiff has neither established personal jurisdiction over ODSD-US nor effected valid service, and ODSD-US's limited appearance to oppose the now-denied preliminary-injunction motion confers neither. (Wei Wang)

**5. Pending and Anticipated Motions**

**Plaintiff's Position:**

The principal pending motion is the Motion to Dismiss for Insufficient Service of Process (Dkt. 43). Plaintiff filed its opposition on July 27, 2026. Dkt. 52. Plaintiff's opposition also requests authorization for alternative service through Defendants' United States counsel, or alternatively

additional time to complete service under the Hague Service Convention.

Depending on the Court's disposition of Dkt. 43 and the progress of service, Plaintiff may file a separate motion under Rule 4(f)(3), seek additional time for service, or request targeted third-party discovery concerning Defendants' identities, addresses, storefronts, transactions, and financial accounts.

**Defendants' Position:**

Pending the issuance of the new patent, Defendants' licensor are expected to filed a motion to intervene to assert patent infringement claim against Plaintiff and its Amazon store. (Lance Liu)

The Court has denied Plaintiff's preliminary-injunction motion (Dkt. 37); Plaintiff's appeal of that ruling (Dkt. 39) is pending. Certain Defendants' motion to dismiss for insufficient service of process (Dkt. 43) remains pending, and ODSD-US shares the concerns raised therein. (Wei Wang)

ODSD-US opposes Plaintiff's request (Dkt. 52) to authorize alternative service on the foreign Defendants through their limited-purpose United States counsel under Rules 4(f)(3) and 4(h)(2). ODSD-US anticipates filing, at the appropriate time: (i) a motion to dismiss under Rule 12(b)(6) for failure to state a claim; (ii) a motion to dismiss under Rule 12(b)(5) for insufficient service of process (and/or Rule 12(b)(2)); and (iii) following discovery, a motion for summary judgment of invalidity, including incorrect inventorship and anticipation. (Wei Wang)

**6. Service Status**

**Plaintiff's Position:**

Formal service remains incomplete as to the foreign Defendants. Plaintiff has requested

issuance of summonses directed to identified foreign legal entities. Dkts. 44–45. Certain Defendants, however, have had actual notice of this action and have actively participated through counsel by entering appearances, seeking affirmative relief, opposing preliminary injunctive relief, participating in the show-cause proceedings, and filing Dkt. 43.

Plaintiff requests authorization to complete service through the domestic counsel presently representing the appearing foreign Defendants under Rule 4(f)(3). Alternatively, Plaintiff requests a reasonable period—proposed as 180 days after issuance of corrected summonses—to complete service through the applicable Hague Convention Central Authority procedures.

**Defendants' Position:**

Defendants oppose Plaintiff's proposed alternative service on the undersigned as engineering an end-run on the Second Circuit Court's prohibition of email services on Chinese Defendants. (Lance Liu)

ODSD-US has never been served with process in this action. Plaintiff commenced this case in late 2025, yet — as Plaintiff concedes — "formal service remains incomplete as to the foreign Defendants," and Plaintiff has not served ODSD-US or, to ODSD-US's knowledge, any Defendant in the approximately eight months since filing.(Wei Wang)

ODSD-US's voluntary appearance to oppose the (now-denied) preliminary-injunction motion was expressly limited and did not waive — and ODSD-US preserves — its defenses under Rules 12(b)(5) and 12(b)(2). "Actual notice" does not cure a failure to serve. (Wei Wang)

ODSD-US opposes Plaintiff's request to effect "alternative service" on ODSD-US through its United States counsel under Rule 4(f)(3)/4(h)(2). Counsel appeared for the limited purpose of the preliminary-injunction motion and is not an agent authorized to accept service, and Plaintiff has not demonstrated the diligence, or the impracticability of Hague Convention service, that

would justify court-ordered alternative service on a Chinese entity. Plaintiff's lack of diligence over the past eight months should not be rewarded with an order relieving it of its Rule 4 obligations. (Wei Wang)

ODSD-US further submits that it should not be required to undertake merits discovery or other case-management obligations while it remains unserved and while its threshold defenses are unresolved, and ODSD-US reserves the right to move to dismiss for insufficient service of process. (Wei Wang)

**7. Amendment of Pleadings and Joinder of Parties**

**Plaintiff's Position:**

Plaintiff proposes that motions to amend the pleadings or join additional parties be filed by Day 60 after the initial case management conference, September 28, 2026. Plaintiff reserves the right to seek modification for good cause if discovery identifies additional responsible persons or entities, correct legal names, related storefronts, or other facts that could not reasonably have been discovered earlier.

**Defendants' Position:**

Defendants only agree to joining third parties to this case within 90 days of the issuance of their new patent. (Lance Liu)

ODSD-US does not object in principle to a deadline of 60 days after the initial case management conference (September 28, 2026) to amend pleadings or join parties, provided that no such deadline runs against ODSD-US before it has been served and its threshold motions have been resolved. ODSD-US reserves the right to seek modification for good cause. (Wei Wang)

**8. Proposed Discovery Plan and Schedule**

**Plaintiff's Position:**

Plaintiff proposes that July 30, 2026—the date of the initial case management conference—be treated as "Day 0" for all case-management deadlines. When a calculated deadline falls on a weekend or court holiday, the date below reflects the next business day.

| Event | Interval | Proposed Date |
|---|---|---|
| Initial Case Management Conference / Day 0 | Day 0 | July 30, 2026 |
| Rule 26(a)(1) initial disclosures | Day 14 | August 13, 2026 |
| Service of initial interrogatories, requests for production, and requests for admission | Day 14 | August 13, 2026 |
| Plaintiff's initial infringement contentions and core supporting documents | Day 30 | August 31, 2026 |
| Responses and objections to initial written discovery | Day 44 | September 14, 2026 |
| Deadline to amend pleadings or join parties | Day 60 | September 28, 2026 |
| Defendants' initial noninfringement and invalidity contentions and core prior-art documents | Day 75 | October 13, 2026 |
| Meet and confer regarding whether claim construction is necessary and, if so, a proposed claim-construction schedule | Day 105 | November 12, 2026 |
| Interim status conference | Approximately Day 150 | December 28, 2026, or as convenient for the Court |
| Close of fact discovery | Day 180 | January 26, 2027 |
| Opening expert reports on issues for which the offering party bears the burden of proof | Day 210 | February 25, 2027 |
| Rebuttal expert reports | Day 240 | March 29, 2027 |
| Close of expert discovery and all discovery | Day 270 | April 26, 2027 |
| Pre-motion conference letters for summary judgment and Daubert motions | Day 300 | May 26, 2027 |

Plaintiff proposes that fact discovery address, among other subjects, the identity and legal status of each Defendant; ownership and control of the accused storefronts; accused product designs and product sourcing; manufacturers, suppliers, licensors, and distributors; sales, revenues, profits, costs, and financial accounts; communications with Amazon and other marketplaces; prior

art and alleged prior design activity; inventorship and ownership; notice and willfulness; and facts bearing on joinder, jurisdiction, service, damages, and equitable relief.

Plaintiff further proposes that the parties meet and confer promptly concerning the sequencing of discovery for any Defendant that settles or is dismissed and that discovery obligations be suspended as to a settling Defendant while final settlement documents and dismissal papers are being completed, without affecting discovery concerning non-settling Defendants or relevant third-party information.

**Defendants' Position:**

Defendants request that the first day shall be the day after proof of service is filed. (Lance Liu)

ODSD-US respectfully submits that entry of the full "Day 0 = July 30, 2026" schedule Plaintiff proposes is premature and should not be imposed on ODSD-US. No Defendant has been validly served; the pending service motion (Dkt. 43) and the scope of the case (including which Defendants will remain after service, joinder, and settlement) is uncertain; and the Court has already denied preliminary injunctive relief, so there is no basis for the expedited, front-loaded discovery Plaintiff proposes. (Wei Wang)

ODSD-US therefore requests that the Court defer entry of a discovery schedule as to ODSD-US until (1) service is complete or ODSD-US's service and jurisdictional defenses are resolved, and (2) ODSD-US has answered or the Court has ruled on ODSD-US's Rule 12 motions. To the extent the Court sets a schedule now, ODSD-US proposes that its deadlines run from the later of the date ODSD-US answers or the date the Court rules on all pending Rule 12 motions as to ODSD-US (the "Schedule Trigger Date"), on the framework set out in ODSD-US's April 23, 2026 Pre-Conference Statement (ECF No. 26). ODSD-US opposes commencing broad merits and

12

third-party financial discovery on Day 0. (Wei Wang)

**9. Electronically Stored Information and Protective Order**

**Plaintiff's Position:**

Discovery is expected to include electronically stored information from Amazon Seller Central and other marketplace accounts; order and transaction databases; financial and payment-processor records; internal email and messaging systems; product design and sourcing files; CAD or other design materials; communications with suppliers and manufacturers; advertising and listing data; customer communications; and records concerning prior patent applications, alleged licenses, inventorship, and prior art.

The parties should preserve potentially relevant ESI, including metadata, native files, account histories, deleted or inactive listings, and communications maintained on personal devices or messaging applications used for business. Plaintiff proposes that the parties meet and confer by Day 14 regarding custodians, sources, date ranges, search methodology, production format, and any reasonably accessible sources. Plaintiff is agreeable to entry of the Court's model protective order or another mutually acceptable protective order addressing confidential business, supplier, financial, and personal information.

**Defendants' Position:**

ODSD-US agrees to entry of the Court's model protective order or another mutually acceptable protective order, and is prepared to meet and confer regarding a reasonable, proportionate ESI protocol once a scheduling order is entered and ODSD-US's threshold defenses are resolved. ODSD-US will take reasonable steps to preserve relevant, non-privileged information within its possession, custody, or control, but does not agree to Plaintiff's broad, undifferentiated

preservation demands to the extent they exceed the proportional needs of the case. (Wei Wang)

**10. Depositions**

**Plaintiff's Position:**

Plaintiff presently anticipates depositions of the appearing Defendants and their Rule 30(b)(6) representatives; persons involved in ownership and operation of the accused storefronts; persons involved in sourcing, licensing, manufacture, design, listing, and sale of the accused products; the asserted inventor and any persons alleged to have conceived or supplied the design; and, if necessary, representatives of Amazon, payment processors, financial institutions, suppliers, and manufacturers. Plaintiff proposes that deposition limits be governed by the Federal Rules unless modified by agreement or Court order.

**Defendants' Position:**

ODSD-US submits that it is premature to identify deponents before service and threshold motions are resolved and the scope of the case is settled. ODSD-US agrees that deposition limits should be governed by the Federal Rules unless modified by agreement or Court order, and reserves its rights regarding the scope, sequence, and location of any depositions. (Wei Wang)

**11. Settlement and Alternative Dispute Resolution**

**Plaintiff's Position:**

Plaintiff has settled with TwoOases, which was voluntarily dismissed without prejudice on July 22, 2026. Dkt. 48. Plaintiff and TOSXW-US have reached an agreement in principle and are

14

working to finalize the settlement and dismissal in the near term.

Plaintiff remains willing to engage in direct settlement discussions with the remaining Defendants. Plaintiff proposes that the parties reassess whether a referral to a settlement conference or mediation would be productive after initial disclosures and the exchange of core sales, sourcing, and financial information. Settlement discussions should not stay preservation obligations or discovery unless the parties agree in writing or the Court orders otherwise.

**Defendants' Position:**

**No plan to settle as the undersigned know of. (Lane Liu)**

ODSD-US has not engaged in settlement discussions with Plaintiff. ODSD-US is willing to discuss settlement at an appropriate stage after threshold issues are resolved and the factual record is developed. ODSD-US does not agree that discovery or case-management obligations should proceed against it in the interim. (Wei Wang)

**12. Third-Party Discovery and Preservation**

**Plaintiff's Position:**

Plaintiff anticipates targeted third-party discovery from Amazon and, as appropriate, other marketplaces, payment processors, financial institutions, suppliers, manufacturers, and service providers. Such discovery may concern storefront ownership, account registration, communications, transaction histories, sales proceeds, product sourcing, identity and address information, and preservation of relevant ESI. Plaintiff proposes that third-party discovery be permitted beginning on Day 0, subject to the Federal Rules and any applicable confidentiality protections.

**Defendants' Position:**

ODSD-US opposes Plaintiff's proposal to commence third-party discovery on Day 0. With the preliminary injunction denied and service incomplete, there is no basis for expedited third-party discovery — including into financial accounts — before threshold issues are resolved. ODSD-US will preserve relevant, non-privileged materials within its control and requests that any third-party discovery be proportionate and subject to an appropriate protective order. (Wei Wang)

**13. Summary Judgment and Other Dispositive Motions**

**Plaintiff's Position:**

Plaintiff proposes that pre-motion conference letters concerning summary judgment, Daubert motions, or other post-discovery dispositive motions be filed by Day 300, May 26, 2027. The parties may seek an earlier schedule for a discrete issue if it can be resolved without prejudice to necessary discovery and would materially advance the litigation.

**Defendants' Position:**

**Motion for summary judgment should be filed as early as one day after the proof of service was filed. (Lance Liu)**

ODSD-US proposes that pre-motion conference letters concerning summary judgment and Daubert motions be filed within 30 days after the close of all discovery. ODSD-US reserves the right to seek leave to move earlier for summary judgment on a discrete, potentially dispositive issue such as invalidity for incorrect inventorship or anticipation. (Wei Wang)

## 14. Trial

**Plaintiff's Position:**

Plaintiff has demanded a jury trial. Based on the present number of parties and issues, Plaintiff estimates that trial would require approximately three to five trial days, subject to revision after the pleadings, settlements, discovery, and dispositive motions narrow the case.

**Defendants' Position:**

Defendants also demand jury trial on all issues, currently pending and any newly added. (Lance Liu)

ODSD-US reserves its right to a jury trial and, based on the present posture, estimates that any trial would require approximately three to five days, subject to narrowing of the parties and issues. (Wei Wang)

## 15. Consent to Proceed Before the Magistrate Judge

**Plaintiff's Position:**

Plaintiff does not consent at this time to trial before the Magistrate Judge.

**Defendants' Position:**

ODSD-US does not consent at this time to trial before the Magistrate Judge.(Wei Wang)

## 16. Other Matters for the Court

**Plaintiff's Position:**

Plaintiff respectfully requests that the Court address at the conference: (1) the procedure and timing for completing service on the foreign Defendants; (2) whether the Court will authorize

alternative service through appearing United States counsel; (3) commencement and sequencing of fact and third-party discovery; (4) entry of the proposed schedule; (5) preservation of marketplace, transactional, financial, and product-design evidence; and (6) efficient treatment of Defendants who have settled or are in the process of finalizing settlement.

**Defendants' Position:**

Defendants respectfully request that the Court address the issue of dismissal for lack of service of process for over seven months and in disobayence of the Court Order to file proof of service by May 1, 2026. (Lance Liu)

ODSD-US respectfully requests that the Court address at the conference: (1) Plaintiff's failure to effect service and lack of diligence, and the sequencing and resolution of the pending and anticipated service motions before any merits schedule is imposed on ODSD-US; (2) ODSD-US's opposition to alternative service through its limited-purpose counsel under Rule 4(f)(3)/4(h)(2); (3) that no full discovery schedule or third-party/financial discovery issue against ODSD-US until it is served and its Rule 12 motions are resolved; and (4) the briefing sequence for ODSD-US's anticipated Rule 12 motions. (Wei Wang)

## CONCLUSION

Plaintiff respectfully submits that the foregoing proposed framework provides an orderly and efficient path for completing service, narrowing the parties and issues, conducting proportionate discovery, and preparing the remaining claims for resolution.

Dated: July 27, 2026

**THE LAW OFFICE OF X. LYU, PLLC**

By: /s/ *Xintong Lyu*
Xintong Lyu, NYSBA No. 6253975
Jian Wang, NYSBA No. 6315865
36-36 Prince Street, Suite 309A
Flushing, New York 11354
Telephone: (212) 812-8253
catherine.lyu@lyulawpllc.com
jwang@lyulawpllc.com

*Counsel for Plaintiff Jiafan Chen*

By: /s/ *Lance Liu*
Lance Liu
15 Minuteman Circle
Southbury, CT 06488
(203) 706-9536
lanceliu2000@gmail.com

**Counsel for Defendants**

**GLACIER LAW LLP**

By: /s/ *Wei Wang*
Wei Wang
41 Madison Avenue, Suite 2529
New York, New York 10010
(212) 729-5073
wei.wang@glacier.law

**Counsel for Defendants**

19

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 27, 2026, the foregoing document was filed electronically with the Clerk of the Court for the United States District Court for the Southern District of New York using the Court's Electronic Case Filing System, which will send notification to all attorneys of record in this case.

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

By: */s/   Xintong Lyu*
Xintong Lyu

20