USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___07/31/26___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JIAFAN CHEN,

        Plaintiff,

    -against-

PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A, et al.,

        Defendants.

---

25-CV-9099 (RA) (BCM)

**INITIAL CASE MANAGEMENT ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

After consultation with the parties, the Court adopts the following case management and scheduling order pursuant to Fed. R. Civ. P. 16. Given that most of the defendants who have appeared through counsel have also moved to dismiss for insufficient service of process, pursuant to Fed. R. Civ. P. 12(b)(5) (Dkt. 43),[1] the schedule set out herein will begin to run on the day that those defendants are served, deemed served, or have waived service, which will be counted as **Day 0**. Days that fall on a weekend or holiday will be calculated to the next court day. *See* Fed. R. Civ. P. 6(a)(1).

1.     <u>Joinder and Amendment</u>. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties must be made pursuant to Fed. R. Civ. P. 15(a)(2) and will be subject to the "good cause" standard in Fed. R. Civ. P. 16(b)(4).

2.     <u>Automatic Disclosures</u>. The parties must exchange the disclosures required by Fed. R. Civ. P. 26(a)(1) no later than **Day 14**.

3.     <u>Written Discovery</u>. The parties must serve their initial requests for production of documents and any initial interrogatories (in compliance with Local Rule 33.3(a)) no later than **Day 21**.

---

[1] In response to that motion, plaintiff has requested leave to serve the moving defendants, who are located in China, via email to their United States counsel, pursuant to Fed. R. Civ. P. 4(f)(3). (Dkt. 52 at 7-9.)

4.     <u>Plaintiff's Initial Infringement Contentions</u>. Plaintiff's initial infringement contentions and core supporting documents are due no later than **Day 30.**

5.     <u>Defendants' Initial Noninfringement and Invalidity Contentions</u>. Defendants initial noninfringement and invalidity contentions and core prior-art documents are due no later than **Day 75**.

6.     <u>Claim Construction</u>. The parties must meet and confer, and, if a claim construction schedule is necessary, they must submit their proposed claim construction schedule to the Court no later than **Day 105**.

7.     <u>Status Conference with Magistrate Judge</u>. The Court intends to schedule a status conference to be held on approximately **Day 150**. If and when the calendar begins to run, the parties must meet and confer regarding specific dates for the status conference, and submit their proposed status conference dates to the Court. No later than **7 days prior to the scheduled conference**, the parties must submit a joint status letter outlining the progress of discovery to date, as well as any settlement efforts. If no discovery controversies exist at that time, the parties may request that the conference be held telephonically.

8.     <u>Depositions and Additional Fact Discovery</u>. All remaining fact discovery, including depositions, must be completed no later than **Day 180**.

9.     <u>Expert Discovery</u>. Disclosure of expert evidence, including the identities and written reports of experts, as required by Fed. R. Civ. P. 26(a)(2)(A), (B), or (C), must be made no later than **Day 210**. The disclosure of expert evidence intended solely to contradict or rebut expert evidence on the same subject matter disclosed by the opposing party must be made no later than **Day 240**. Depositions of experts must be completed no later than **Day 270**.

10.     <u>Close of Discovery</u>. All discovery must be completed no later than **Day 270**.

11.     <u>Timely Discovery</u>. Discovery requests and notices must be served in time to allow the person served to respond, on the schedule set forth in the Federal Rules of Civil Procedure, prior to the completion date for such discovery set forth above. Discovery applications, including letter-motions requesting discovery conferences, must be made promptly after the need for such an application arises and must comply with Local Civil Rule 37.2 and § 2(b) of Judge Moses's Individual Practices. Absent extraordinary circumstances, discovery applications made later than 30 days prior to the close of discovery may be denied as untimely.

12.     <u>Settlement Conference</u>. If and when the parties believe that a judicially supervised settlement conference would be productive, they may request such a conference by letter. Before submitting such a letter, the parties may inquire as to the Court's availability by contacting the Courtroom Deputy at 212-805-0228.

13.     <u>Conferences and Hearings</u>. All court conferences, hearings, and other proceedings before Judge Moses will be held in Courtroom 20A of the Daniel Patrick Moynihan

United States Courthouse, unless the Court orders otherwise. If a proceeding takes place via teleconference, the parties must call **(855) 244-8681** on their scheduled date, a few minutes before their scheduled time, and enter the access code **2314 181 4376#**. Please treat the teleconference as you would treat a public court appearance. If a conference or hearing in another matter is ongoing, please be silent (mute your line) until your case is called. If the proceeding takes place via videoconference, chambers will email the appropriate link to counsel in advance of the proceeding.

14.    Remote Depositions. In accordance with Fed. R. Civ. P. 30(b)(4), the Court authorizes the parties to conduct any or all depositions in this action via telephone, videoconference, or other remote means, pursuant to Fed. R. Civ. P. 30(b)(3) and (b)(4). This Order does not dispense with the requirements set forth in Fed. R. Civ. P. 30(b)(5), including the requirement that, unless the parties stipulate otherwise, the deposition be "conducted before an officer appointed or designated under Rule 28," and that the deponent be placed under oath by that officer. For avoidance of doubt, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means (*e.g.*, telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.

15.    Summary Judgment. Summary judgment motions, if any (or, if required by the district judge, pre-motion conference letters with respect to summary judgment) must be filed no later than **30 days after the close of discovery**. Summary judgment motion papers must conform to the individual practices of the district judge.

16.    Joint Pretrial Order. The parties' proposed joint pretrial order must be filed no later than **30 days after the close of discovery**, unless there are pre-motion conference letters with respect to summary judgment, or summary judgment motion(s), in which case the joint pretrial order must be filed no later than **30 days after the decision on the motion(s)**. The proposed joint pretrial order must conform to the individual practices of the district judge.

17.    Trial. The parties have stated that the anticipated length of trial is 3-5 days, and request a jury trial.

18.    Extensions and Adjournments. Any application for extension or adjournment of the time limits, deadlines or conferences set forth above must be made by letter-motion, in accordance with this Court's Individual Practices, as soon as the need for the extension or adjournment is reasonably apparent to the party making the application. **Applications made after the expiration of the deadline in question may be summarily denied**.

19.    Discovery of ESI. If they have not already done so, counsel are hereby directed to confer with one another by telephone or in person **no later than August 14, 2026**, regarding potential discovery issues concerning electronically stored information

3

(ESI). An exchange of letters or emails is not sufficient. Counsel must discuss, among other things, sources of relevant ESI; steps taken or to be taken to preserve relevant ESI; identification of appropriate custodians; ESI search and review procedures; form of production of ESI; any limitations or anticipated difficulties regarding discovery or production of ESI; cost estimates; and proposals for containing or sharing costs. For avoidance of doubt: the obligation set out in this ¶ 19 is *not* deferred to "Day 0."

20.    Stipulations. No later than **Day 14**, the parties must submit any proposed stipulated order(s) regarding ESI or confidential information. With respect to confidentiality, the parties may (but are not required to) utilize the model protective order available on the Court's website at: https://www.nysd.uscourts.gov/hon-barbara-moses.

21.    Discovery Applications. Discovery disputes that cannot be resolved after good-faith negotiations may be presented by letter-motion, seeking a discovery conference, in accordance with Local Civil Rule 37.2 and this Court's Individual Practices. Such applications must be made promptly after the need for court intervention arises, but in no event before the parties have met and conferred, in person or via telephone, with respect to all issues in dispute. An exchange of letters or emails is not sufficient. It is the Court's practice to decide discovery disputes at the Rule 37.2 conference, based on the parties' letters, unless the Court determines that more formal briefing is required.

22.    Fed. R. Evid. 502(d) Order. The disclosure of documents or information (electronic or otherwise) subject to the attorney-client privilege, the work product doctrine, or other privilege or immunity from production shall not operate as a waiver of that privilege or immunity in this case or in any other federal or state proceeding. This paragraph shall be interpreted to provide the maximum protection permitted by Fed. R. Evid. 502(d).

Dated: New York, New York
       July 31, 2026

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**

4