UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JIAFAN CHEN,

Plaintiff,

v.

PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,

Defendants.

Case No. 1:25-cv-09099-RA-BCM

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF NITIN KAUSHIK TO WITHDRAW AS COUNSEL FOR PLAINTIFF**

## PRELIMINARY STATEMENT

Nitin Kaushik submits this reply in further support of his motion under Local Civil Rule 1.4(b) to withdraw as counsel of record for Plaintiff Jiafan Chen (ECF Nos. 69–71), and in response to the opposition filed by Defendants CKductpro-US, Flgocex, Ganggend, Granarbol, KONLU, KW Home&Garden, YUBODA-US, QGUO-US, SVLVHOOL, daan-us and joygo-us (ECF No. 74). The accompanying Reply Declaration of Nitin Kaushik ("Reply Decl.") supplements the declaration filed with the motion ("Kaushik Decl.," ECF No. 70).

Defendants do not dispute any fact on which the motion rests. Plaintiff discharged the undersigned in July 2026. Successor counsel appeared on July 17, 2026, and has conducted the action since. Withdrawal will not delay any deadline, and no retaining or charging lien is asserted. (Kaushik Decl. ¶¶ 2–7.)

Defendants oppose on two grounds and cite no authority for either. The first is that email communications between defense counsel and the undersigned bear on Defendants' pending motion for sanctions (ECF No. 65). The second is that the undersigned's "presence in this case

would help to clarify whether such fraud, if any, is assisted by counsel of record." (ECF No. 74 at 1.) Neither is a reason to hold a discharged lawyer in the case as counsel of record for a client who has replaced him. The Court's authority over the undersigned with respect to ECF No. 65 does not depend on his continued appearance. The motion should be granted.

## ARGUMENT

### I. THE GROUNDS FOR WITHDRAWAL ARE UNREBUTTED

Local Civil Rule 1.4(b) permits withdrawal on a showing of "satisfactory reasons for withdrawal or displacement and the posture of the case," together with a statement whether a retaining or charging lien is asserted. In applying the Rule, "the Court considers both the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 444 (S.D.N.Y. 2014); *see also Whiting v. Lacara*, 187 F.3d 317, 320–21 (2d Cir. 1999).

Both considerations favor withdrawal, and Defendants contest neither.

*The reason for withdrawal.* A client has "an absolute right, at any time, with or without cause, to terminate the attorney-client relationship by discharging the attorney." *Campagnola v. Mulholland, Minion & Roe*, 76 N.Y.2d 38, 43 (1990). Plaintiff exercised that right. Through his representative, Plaintiff informed the undersigned in writing on July 26 and 27, 2026 that he had retained other counsel and asked the undersigned to withdraw. (Kaushik Decl. ¶ 3.) A lawyer who has been discharged is required to withdraw, subject to the tribunal's permission. N.Y. Rules of Prof'l Conduct (22 N.Y.C.R.R. § 1200.0) R. 1.16(a), (d) (as amended eff. July 1, 2026). Courts in this District have held that where counsel has been discharged and consents to the termination, the order permitting withdrawal should issue "except under the most compelling circumstances." *Infinity Headwear & Apparel v. Jay Franco & Sons*, No. 15-cv-1259 (JPO) (RLE), ECF No. 246,

slip op. at 4 (S.D.N.Y. Jan. 24, 2017) (quoting *Allstate Ins. Co. v. Nandi*, 258 F. Supp. 2d 309, 311 (S.D.N.Y. 2003)). Defendants identify no such circumstance.

*The effect on the proceeding.* There is none. Xintong Lyu, who is lead counsel of record, and Jian Wang appeared for Plaintiff on July 17, 2026 (ECF Nos. 46, 47) and have filed every paper on Plaintiff's behalf since, including the opposition to the motion to dismiss (ECF No. 52), the requests for issuance of summonses and the return of service (ECF Nos. 59–61, 64), and the opposition to the pending motion for sanctions (ECF Nos. 67, 68). (Kaushik Decl. ¶¶ 2, 4–5.) The undersigned's last filing in this action was on June 26, 2026 (ECF No. 45). (*Id.* ¶ 4.) No trial date has been set and no deadline needs to be moved. (*Id.* ¶¶ 5–6.) Defendants do not suggest otherwise.

## II. THE PENDING SANCTIONS MOTION IS NOT A GROUND TO DENY WITHDRAWAL

Defendants' principal objection is that their motion for sanctions is pending and that all of Plaintiff's counsel should therefore "remain in this case" until it is resolved or the case is dismissed. (ECF No. 74 at 1.) The premise is mistaken. An order relieving counsel does not remove that lawyer from the Court's reach with respect to conduct that occurred while he was counsel of record.

Courts in this District have granted withdrawal while a sanctions application was pending for that reason. *See Skyline Steel, L.L.C. v. PilePro, L.L.C.*, No. 13-cv-8171 (JMF), 2015 WL 1000145, at *2 (S.D.N.Y. Mar. 5, 2015) (granting motions to withdraw and retaining jurisdiction over the withdrawing firms).

The same is true here. The undersigned will respond to any order the Court directs to him concerning ECF No. 65 and asks that he continue to receive notice of filings in this action until that motion is decided. (Reply Decl. ¶ 7.) Nothing more is needed to protect Defendants.

Denying the motion would accomplish nothing more. It would leave a lawyer whom the client has discharged, and who has no authority to act for that client, listed as the client's counsel, while the lawyers the client has actually retained continue to conduct the case.

## III. THE JUNE 14 EMAIL DOES NOT REQUIRE THE UNDERSIGNED TO REMAIN COUNSEL OF RECORD

Defendants next say that "[e]mail communications between" defense counsel and the undersigned are "at the center" of the question whether defense counsel was authorized to accept service. (ECF No. 74 at 1.) The communication they refer to is a single exchange dated June 14, 2026, which Defendants have already placed before the Court. (ECF No. 65-1.) The undersigned asked whether defense counsel would accept service on his clients' behalf. Defense counsel answered that his clients did not authorize him to do so. The undersigned does not dispute that the exchange occurred or what it says. (Reply Decl. ¶ 2.)

That the undersigned took part in that exchange makes him, at most, a person with knowledge of an undisputed document. It does not make his continued appearance as an advocate necessary. A lawyer's knowledge of facts is available to the Court and the parties whether or not he remains counsel of record, and the undersigned will provide a further declaration or testimony on the subject if the Court directs. (*Id.* ¶ 7.)

If anything, Defendants' position points the other way. To the extent they contend that the undersigned is a witness on a contested issue of fact, the Rules of Professional Conduct treat that as a reason for the lawyer not to act as advocate in the matter. *See* N.Y. Rules of Prof'l Conduct R. 3.7(a) (a lawyer "shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact," subject to enumerated exceptions). Defendants cite nothing for the proposition that a lawyer must be kept in a case as counsel because he may also be a witness in it.

## IV. THE UNDERSIGNED HAD NO PART IN THE OCTOBER 13 DELIVERY OR THE RETURN OF SERVICE

Defendants' second ground is that the undersigned's presence would help clarify whether an alleged fraud was "assisted by counsel of record." (ECF No. 74 at 1.) The motion for sanctions concerns the delivery of the summons and complaint to defense counsel on October 13, 2026, and the return of service filed on October 27, 2026. (ECF No. 65 at 1–2; ECF No. 64.) The record already answers Defendants' question as to the undersigned.

The summonses were requested by successor counsel on August 24, 2026. (ECF Nos. 59, 60.) The process server's affirmation states on its face that it was prepared for The Law Office of X. Lyu, PLLC. (ECF No. 64 at 1.) The return was filed by successor counsel. (ECF No. 64.) Plaintiff's opposition to the motion for sanctions and its supporting declaration were prepared, signed and filed by successor counsel. (ECF Nos. 67, 68.) Each of these events took place after successor counsel appeared and after Plaintiff had asked the undersigned to withdraw. (Kaushik Decl. ¶¶ 2–4.)

The undersigned did not retain or instruct the process server and did not request or arrange the October 13 delivery. He did not prepare, sign or file the return of service and did not see it before it was filed. He did not prepare, sign or file the opposition to the motion for sanctions. (Reply Decl. ¶¶ 3–5.) He has made no filing in this action since June 26, 2026. (Kaushik Decl. ¶ 4; Reply Decl. ¶ 6.)

This reply does not address the merits of ECF No. 65, which Plaintiff has opposed through successor counsel. The point here is narrower. Nothing about that motion requires the undersigned to remain counsel of record for a client who has replaced him, and nothing in Defendants' opposition supplies a compelling reason to depart from the ordinary rule that a discharged lawyer is permitted to withdraw.

## CONCLUSION

The motion should be granted. The undersigned respectfully requests that the Court (1) relieve him as counsel of record for Plaintiff; and (2) direct that he continue to receive notice of filings in this action until Defendants' motion for sanctions (ECF No. 65) is decided.

Dated: November 12, 2026

Respectfully submitted,

/s/ Nitin Kaushik
Nitin Kaushik
34 Willis Avenue
Mineola, NY 11501
Tel.: 908-560-7265
nitin.kaushik@gmail.com

*Withdrawing Counsel for Plaintiff*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Civil Rule 7.1(c), I certify that this reply memorandum contains 1,528 words, excluding the caption, signature block and this certificate, and complies with the 3,500-word limit for a reply memorandum and the formatting requirements of Local Civil Rule 7.1(b).

/s/ Nitin Kaushik
Nitin Kaushik

**CERTIFICATE OF SERVICE**

I certify that on November 12, 2026, the foregoing was filed electronically through the Court's CM/ECF system, which sends notice of filing to all counsel of record, and that a copy was served on Plaintiff Jiafan Chen by email on the same date.

/s/ Nitin Kaushik
Nitin Kaushik