**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

JIAFAN CHEN,

*Plaintiff*,

v.

PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,

*Defendants*.

Case No. 1:25-cv-09099-RA-BCM

**Judge Ronnie Abrams**

**Magistrate Judge Barbara C. Moses**

**DECLARATION OF JIAN WANG**

I, Jian Wang, declare as follows:

1. I am an attorney admitted to practice in the State of New York and counsel for Plaintiff Jiafan Chen in this action. I submit this declaration based on my personal knowledge concerning inquiries made by Mingtu IP Co., Ltd. ("Mingtu") regarding my firm's potential representation of certain Defendants in this action, as well as my subsequent involvement in this litigation.

2. Mingtu is a China-based intellectual property services company. According to its publicly available website, since 2014, Mingtu has focused on assisting Chinese businesses with overseas intellectual property matters, including foreign patent applications, infringement risk assessments, and overseas intellectual property litigation.

3. Mingtu operates as an intellectual property services intermediary in China and works with outside attorneys in connection with intellectual property matters involving Chinese businesses.

4. Before Mingtu's inquiries concerning this action, Mingtu had referred other matters to me or my law firm. Our communications were not limited to this action and included general inquiries about engagements and legal fees in other matters.

5. On or about June 18, June 23, and June 25, 2026, I communicated with Wanrong Yang through Mingtu's WeChat account concerning my firm's potential representation of certain Defendants in Case No. 1:25-cv-09099. True and correct copies of all records of the communications with Mingtu concerning this action before my firm's engagement as counsel for Plaintiff have already been provided to Defendants' counsel, Lance Liu.

6. Mingtu inquired about the possibility of my firm representing Defendants in this action. The communications generally concerned my firm's qualifications, the procedural posture of the litigation, the courts involved, the general procedures applicable to the case, and the anticipated legal fees for the contemplated representation.

7. During these communications, we discussed procedural matters concerning the temporary restraining order and preliminary injunction proceedings, the appeal, and questions regarding service of process. These discussions concerned matters already reflected in publicly available court filings. Mingtu disclosed no nonpublic confidential information concerning this action or any Defendant.

8. During the June 2026 discussions concerning potential representation, I reviewed pleadings and court orders in this action that were publicly available in the court record. During the discussions, Mingtu did not provide me with nonpublic evidentiary materials, internal business records, or other nonpublic case documents in connection with the proposed representation.

9. The communications also included discussions concerning proposed legal fees and the scope of the contemplated legal services.

10. I understood the fee figures discussed during those communications as proposed fees and budgets for the contemplated legal representation. I did not understand those figures to represent any Defendant's overall financial resources, assets, ability to finance prolonged litigation, or settlement authority.

11. During the June 2026 discussions concerning potential representation, I did not receive financial statements, bank records, sales records, or other financial documentation concerning any Defendant's financial condition or available litigation resources.

12. These discussions did not result in my firm being retained to represent Mingtu or any Defendant in this action. In light of their general nature and the absence of nonpublic confidential information, I do not understand those fee inquiries to preclude my firm's representation of Plaintiff.

13. On or about July 16, 2026, Attorney Zhiyu Liang, a California-licensed attorney affiliated with Anjie Broad Law Firm, referred this matter to our firm in connection with Plaintiff's representation.

14. Our firm subsequently participated in this action as counsel for Plaintiff, working with attorneys affiliated with Anjie Broad Law Firm.

15. The responsibilities among counsel were divided. Attorney Zhiyu Liang was primarily responsible for developing litigation strategy and drafting motions, status reports, and other substantive court submissions.

16. Attorney Fan Liang, also a California-licensed attorney affiliated with Anjie Broad Law Firm, was primarily responsible for communications with the client and coordination of client-related matters.

17. After appearing as counsel for Plaintiff, I participated in certain service-related matters in this litigation, including communications and coordination concerning service issues.

18. The proposal to effect service through defense counsel originated with Attorney Zhiyu Liang. My firm also participated in discussions concerning the proposed method of service. Attorney Fan Liang agreed to proceed with that approach and ultimately instructed my firm to carry out the service arrangements involving defense counsel.

19. My firm's role in service-related matters was primarily to implement the service arrangements in accordance with the instructions received and its assigned responsibilities as counsel appearing in this action. These responsibilities included communicating with opposing counsel, filing documents with the Court, and transmitting documents to a third-party process-serving company for service of process upon defense counsel.

20. I did not communicate to Attorney Kaushik any nonpublic information in this action.

21. All WeChat communications and voice messages in my possession concerning Mingtu's inquiries about potential representation in this action have been preserved and provided to Lance Liu.

22. During the June 2026 discussions regarding potential representation, Mingtu did not send me any case-related file attachments.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 20, 2026.

By: *<u>/s/ Jian Wang</u>*
Jian Wang